SMITH ET AL., APPELLANTS, *v.* THE 10TH INNING, INC., APPELLEE.

[Cite as Smith v. The 10th Inning, Inc. (1990), 49 Ohio St. 3d 289.]

(No. 88-1932—Submitted December 6, 1989—Decided March 21, 1990.)

*Sindell, Rubenstein, Einbund, Pavlik, Novak & Celebrezze, William J. Novak* and *Terry A. Bryer,* for appellants.

*Mazanec, Raskin & Ryder Co., L.P.A., Todd M. Raskin* and *John T. McLandrich,* for appellee.

SWEENEY, J. The precise question presented for our determination is whether an intoxicated patron has a cause of action for damages under R.C. 4301.22(B)[1] against the permit holder that sold him or her the alcoholic beverages. Since we believe that public policy considerations strongly militate against the allowance of such an action, we answer this question in the negative, thereby affirming the decision of the court of appeals below.

In recent years, this court has been confronted with various causes of action brought by persons who have been injured as the result of the negligence of an intoxicated person. In *Settlemyer* v. *Wilmington Veterans Post No. 49* (1984), 11 Ohio St. 3d 123, 11 OBR 421, 464 N.E. 2d 521, we held, *inter alia,* that a *social (i.e.,* non-commercial) provider of intoxicating beverages cannot be held liable to a third person subsequently injured by the intoxicated person. In *Great Central Ins. Co.* v. *Tobias* (1988), 37 Ohio St. 3d 127, 524 N.E. 2d 168, this court held that a tavern

---

[1] R.C. 4301.22 applies to liquor permit holders and provides in relevant part:

"(B) No sales shall be made to an intoxicated person."

owner's duty under R.C. 4301.22(B) may not be enlarged and extended vicariously through a "conduit" who purchases alcohol from the tavern and gives it to a fellow patron. *Id.* at 129, 524 N.E. 2d at 171. In *Mitseff* v. *Wheeler* (1988), 38 Ohio St. 3d 112, 526 N.E. 2d 798, this court held that a social host, who provided alcoholic beverages to a minor in violation of R.C. 4301.69, could be held liable to third parties as a result of the intoxicated minor's negligence. Then, in *Gressman* v. *McClain* (1988), 40 Ohio St. 3d 359, 533 N.E. 2d 732, we held that for causes of action arising before the effective date of R.C. 4399.18, the holder of a liquor permit could be held liable to third persons for injuries or death occurring off the permit holder's premises, where the injuries or death were caused by an intoxicated patron who was served alcoholic beverages by the permit holder in violation of R.C. 4301.22(B).

In the cause *sub judice*, the appellants argue that the duty of the permit holder implicit in R.C. 4301.22(B) extends to the patron who was served alcoholic beverages and was injured as a result of his or her own intoxication. The appellee counters that the intoxicated patron is not an innocent third party who is to be protected by R.C. 4301.22(B) under *Gressman, supra,* and that the intoxicated patron must be held accountable for his or her own voluntary act, and therefore be denied a cause of action for any injuries sustained in an accident attributable to his or her own intoxication. Appellee also contends that public policy mandates that the intoxicated patron be denied recovery under such circumstances.

In our view, appellee's arguments are well-stated. While in *Gressman, supra,* at 362, 533 N.E. 2d at 735, we noted that one of the purposes of R.C.

4301.22(B) is "* * * to protect the consumer of the beverage from his or her own conduct," as well as to protect the public at large from the imbiber's conduct, we do not believe that the statute should be used as a deep pocket in order to ameliorate the patron's own drunken behavior.

Some might suggest that this court permit a cause of action by the intoxicated patron and allow the court or jury to determine the comparative negligence of the permit holder and the intoxicated patron. While this alternative seems attractive, we decline such a course for several reasons. Basically, comparing the negligence of the parties in this context presents a classic "chicken or egg" question: Is the permit holder who admittedly has experience in knowing the predilections and capacities of his or her customers more negligent or blameworthy than the intoxicated patron who is clever enough to mask his or her own intoxication in order to be served another drink. In any event, we find that one of the strongest reasons compelling rejection of such a cause of action by the intoxicated patron against the permit holder is one grounded firmly in commonsense public policy; namely, that an adult who is permitted to drink alcohol must be the one who is primarily responsible for his or her own behavior and resulting voluntary actions. Clearly, permitting the intoxicated patron a cause of action in this context would simply send the wrong message to all our citizens, because such a message would essentially state that a patron who has purchased alcoholic beverages from a permit holder may drink such alcohol with unbridled, unfettered impunity and with full knowledge that the permit holder will be ultimately responsible for any harm caused by the patron's intoxication. In our opinion, such a message

should never be countenanced by this court.

It takes no recitation of statistics or citation of authority to note that in recent years, society as a whole has become more conscious of the hazards and broken lives wrought as a result of drunken driving accidents. The General Assembly in our state, as well as the legislatures in other states, has responded to the public concern by attempting to lessen, if not eliminate, the spectre of drunken driving from our public highways.[2] We believe our decision today does much to heighten awareness as well as underscore and reflect the public concern in this area. By denying the intoxicated patron the right of recourse from the only other person arguably responsible for the patron's intoxication (*i.e.*, the permit holder), this court reiterates the basic commonsense notion that responsibility for one's voluntary liquor consumption should be one's own, since it reflects basic public policy considerations. As between the patron and the permit holder, we believe that the patron is in the best position to prevent intoxication before it occurs and, therefore, we find that the patron should, in this context, be denied a cause of action to recompense his or her own drunken behavior. In sum, we find that the intoxicated patron is not the type of "innocent party" who was intended to be protected under R.C. 4301.22(B). Cf. *Gressman, supra.*

Therefore, we hold that as a matter of public policy, an intoxicated patron has no cause of action against a liquor permit holder under R.C. 4301.22(B) where the injury, death or property damage sustained by the intoxicated patron off the premises of the permit holder was proximately caused by the patron's own intoxication.

Accordingly, we affirm the decision of the court of appeals below.

*Judgment affirmed.*

MOYER, C.J., HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

---

[2] The following selected cases from jurisdictions around the country have refused to permit recovery by an intoxicated patron: *Maples* v. *Chinese Palace, Inc.* (Ala. 1980), 389 So. 2d 120; *First American Bank of North Little Rock, NA* v. *Associated Hosts, Inc.* (1987), 292 Ark. 445, 730 S.W. 2d 496; *Nolan* v. *Morelli* (1967), 154 Conn. 432, 226 A. 2d 383; *Bertelmann* v. *Taas Associates* (Hawaii 1987), 735 P. 2d 930; *Kone* v. *Joe Lange Tap, Inc.* (Iowa App. 1987), 418 N.W. 2d 377; *Thrasher* v. *Leggett* (La. 1979), 373 So. 2d 494; *Herrly* v. *Muzik* (Minn. 1985), 374 N.W. 2d 275; *Cuevas* v. *Royal D'Iberville Hotel* (Miss. 1986), 498 So. 2d 346; *Wellcome* v. *Student Cooperative of Stony Brook* (1986), 125 App. Div. 2d 393, 509 N.Y. Supp. 2d 816; *Sager* v. *McClenden* (1983), 296 Ore. 33, 672 P. 2d 697; *Langle* v. *Kurkul* (1986), 146 Vt. 513, 510 A. 2d 1301.

In other jurisdictions, recovery by the intoxicated patron appears to be prohibited by statute: Arizona (Ariz. Rev. Stat., Section 4-312[A]); Colorado (Colo. Rev. Stat., Section 12-46-112.5[3][b]); Georgia (Off. Code Ga. Ann., Section 51-1-40[b]); Idaho (Idaho Code, Section 23-808[4][a]); Illinois (Smith-Hurd Ill. Ann. Stat., Chapter 43, Par. 135, Section 6-21[a]); Maine (Maine Rev. Stat. Ann., Title 28-A, Chapter 100, Sections 2504[2][A] and [C]); Michigan (Mich. Stat. Ann., Section 18.993[10]); North Dakota (N.D. Cent. Code, Section 5-01-06.1); and Rhode Island (Gen. Laws R.I., Section 3-14-4[1][A]).