**HOSOM, Admr., et al., Appellants,**

v.

**EASTLAND LANES, INC., Appellee.**

[Cite as *Hosom v. Eastland Lanes, Inc.* (1991), 72 Ohio App.3d 599.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–839.

Decided Feb. 21, 1991.

*Matan & Smith, James D. Colner* and *Scott E. Wright,* for appellants.
*Haytcher & Denardo* and *Paul J. Haytcher,* for appellee.

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of Stephen Hosom et al., as Administrator of the Estate of Michelle Hosom, deceased, from a judgment of

the Franklin County Court of Common Pleas in favor of Eastland Lanes, Inc., appellee.

The deceased, Michelle Hosom, went to Eastland Lanes to participate in a bowling league. Witnesses stated that she was intoxicated. She later left the bowling alley, and while driving home, she was fatally injured in a one-car crash.

On the basis of R.C. 4301.22(B), 4399.18 and 2125.02, appellants filed suit against the appellee alleging that Eastland Lanes, Inc., the alcohol permit holder, sold alcoholic beverages to the deceased with full knowledge that she was intoxicated. Appellee filed a motion for summary judgment, accompanied by affidavits from two of the deceased's bowling team members. Those affidavits stated that the deceased brought, and consumed on appellee's premises, cans of beer which she had hidden in her bowling bag. Appellants, in turn, produced affidavits which stated that the deceased, visibly drunk, purchased at least three beers from the window bar at the bowling alley.

Subsequently, appellee filed a motion to dismiss relying upon the holding in *Smith v. The 10th Inning, Inc.* (1990), 49 Ohio St.3d 289, 551 N.E.2d 1296. Appellants filed a memorandum contra. Thereafter, the trial court granted appellee's motion for dismissal. Appellants now assert the following two assignments of error on appeal:

"I. The Trial Court erred in granting Defendant–Appellee's Motion to Dismiss for failure to state a claim in that Plaintiffs–Appellants are innocent third parties entitled to relief under Ohio Revised Code §§ 2125.02, 4301.22(B) and 4399.18, for the wrongful death of Michelle Hosom, deceased.

"II. The Trial Court erred in its interpretation of *Smith v. [The] 10th Inning, Inc.*, 49 Ohio St.3d 289 [551 N.E.2d 1296] (1990), thereby denying Plaintiffs–Appellants' right of recovery for the wrongful death of Michelle Hosom."

Since the motion to dismiss was predicated upon the trial court's interpretation of *Smith*, appellants' assignments of error will necessarily be addressed together. As the conflicting affidavits submitted by the parties suggest, there is a genuine issue of fact, precluding summary judgment, as to (1) whether Michelle Hosom was noticeably intoxicated, and (2) in this noticeably intoxicated state whether she purchased alcohol from the appellee's establishment. Thus, the focus of this court's analysis is the trial court's interpretation of the *Smith* case and appellee's motion for dismissal.

In the *Smith* case, the plaintiff alleged that the liquor permit holder's employees sold alcohol to him after the employees knew or should have known that appellant was intoxicated. After he left the tavern, appellant lost control

of his car and struck another vehicle. Plaintiff suffered extensive personal injuries and property damage to his car. He filed suit against the tavern, and the defendant's Civ.R. 12(B)(6) motion to dismiss was granted. On appeal, the *Smith* court held:

" * * * As between the patron and the permit holder, we believe that the patron is in the best position to prevent intoxication before it occurs and, therefore, we find that the patron should, in this context, be denied a cause of action to recompense his or her own drunken behavior. In sum, we find that the intoxicated patron is not the type of 'innocent party' who was intended to be protected under R.C. 4301.22(B). Cf. *Gressman* [*v. McClain* (1988), 40 Ohio St.3d 359, 533 N.E.2d 732], *supra.*

"Therefore, we hold that as a matter of public policy, an intoxicated patron has no cause of action against a liquor permit holder under R.C. 4301.22(B) where the injury, death or property damage sustained by the intoxicated patron off the premises of the permit holder was proximately caused by the patron's own intoxication." *Id.*, 49 Ohio St.3d at 292, 551 N.E.2d at 1298.

In relying upon the holding and rationale of *Smith*, the trial court, in the instant case held:

"In *Smith vs. The 10th Inning, Inc.*, 49 Ohio St.3d [289, 551 N.E.2d 1296] (1990), the Court specifically addressed the right of an injured party to recover from the permit holder which served the alcoholic beverage. In *Smith*, the Court held that for public policy reasons, the injured plaintiff had no right of recovery under O.R.C. § 4301.22(B). The rationale being that the injured plaintiff was not an innocent party which the statute was designed to protect. Because the administrator of the estate has no greater rights than the decedent, the Court finds that the plaintiff is barred from pursuing this action on account of *Smith.*

"For the reasons set forth above, the defendant's motion to dismiss is SUSTAINED. Counsel for defendant shall prepare an appropriate entry."

R.C. 2125.02(A)(1) provides:

"An action for wrongful death shall be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent, all of whom are rebuttably presumed to have suffered damages by reason of the wrongful death, and for the exclusive benefit of the other next of kin of the decedent."

R.C. 4399.18 provides, in relevant part:

" * * * A person has a cause of action against a permit holder or his employee for personal injury, death, or property damage caused by the negligent actions of an intoxicated person occurring off the premises or away

from a parking lot under the permit holder's control only when both of the following can be shown by a preponderance of the evidence:

"(A) The permit holder or his employee knowingly sold an intoxicating beverage to at least one of the following:

"(1) A noticeably intoxicated person in violation of division (B) of section 4301.22 of the Revised Code;

"(2) A person in violation of division (C) of section 4301.22 of the Revised Code;

"(3) A person in violation of section 4301.69 of the Revised Code;

"(B) The person's intoxication proximately caused the personal injury, death, or property damage."

In *Smith,* the intoxicated person was the one who was trying to recover for damages he sustained as a result of the injuries he suffered in the accident. In the facts before this court, it is not the intoxicated person who is filing the suit but rather the surviving husband and children of the deceased. Thus, the issue before this court is whether the derivative actions of the husband and the children are properly before us.

In *Smith,* the facts state that "appellant and his wife" filed the action in the court of common pleas. It also indicates in the statement of facts that the appellate court held " * * * the appellant has no right to maintain a cause of action against the tavern owner for injuries *to himself* that occurred off the tavern's premises." (Emphasis added.) *Id.,* 49 Ohio St.3d at 290, 551 N.E.2d at 1297. The Supreme Court affirmed this judgment and held, in part, " * * * that the intoxicated patron is not the type of 'innocent party' who was intended to be protected under R.C. 4301.22(B). Cf. *Gressman, supra." Id.,* 49 Ohio St.3d at 292, 551 N.E.2d at 1298.

A review of the appellate decision in *Smith* and the Supreme Court opinion in *Smith* indicates that neither court addressed the issue of the wife's derivative claim. There is no doubt that the *Smith* decision firmly sets forth the holding that an intoxicated patron has no cause of action against a liquor permit holder where the injury, death or property damage sustained by the intoxicated patron off the premises of the permit holder was proximately caused by the patron's own intoxication. *Id.* at 292, 551 N.E.2d at 1298. What isn't clear is whether the holding of *Smith* precludes the derivative claims of the husband and the children in the instant case. There have been other circumstances, however, where it has been held that the negligence of the tortfeasor is imputed to the persons seeking retribution in derivative actions. See *Messmore v. Monarch Machine Tool Co.* (1983), 11 Ohio App.3d 67, 11 OBR 117, 463 N.E.2d 108.

The trial court, in the facts at bar, stated that " * * * the administrator of the estate has no greater rights than the decedent * * * " and thus, barred appellant from pursuing the action herein on the basis of *Smith.* The trial court reasoned that since the injured person was not an innocent party, whom R.C. 4301.22(B) was designed to protect, public policy required that the administrator of the decedent's estate had no greater rights than the decedent to pursue a cause of action.

The holding of *Smith* even contemplates the circumstances of death to the intoxicated patron. *Smith* states, in pertinent part that " * * * as a matter of public policy, an intoxicated patron has no cause of action against a liquor permit holder under R.C. 4301.22(B) where * * * death * * * sustained by the intoxicated patron off the premises of the permit holder was proximately caused by the patron's own intoxication." *Id.,* 49 Ohio St.3d at 292, 551 N.E.2d at 1299. In the situation where the intoxicated patron dies, the only causes of action which exist are derivative in nature. Since R.C. 2125.02(A)(1) requires that an action for wrongful death be brought in the name of the decedent's personal representative for the exclusive benefit of the surviving spouse and children, it only makes sense that the mention of death in the *Smith* holding would preclude any causes of action which were of a derivative nature resulting from the death of the intoxicated person. Thus, in interpreting the holding of *Smith,* the trial court properly dismissed the derivative claims filed by the administrator of the decedent's estate, Stephen Hosom.

Accordingly, the trial court correctly interpreted the holding in *Smith* and, thus, appellants have failed to state a claim upon which relief can be granted. Appellant's first and second assignments of error are not well taken and are overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

PEGGY BRYANT and HARSHA, JJ., concur.

WILLIAM H. HARSHA, J., of the Fourth Appellate District, sitting by assignment.