FIFER, Admr., Appellant,

v.

The BUFFALO CAFE et al., Appellees.

[Cite as *Fifer v. Buffalo Cafe* (1991), 76 Ohio App.3d 297.]

Court of Appeals of Ohio,
Lucas County.

No. L–91–002.

Decided Nov. 15, 1991.

*Steven L. Crossmock,* for appellant.

*Michael J. D'Arcangelo,* for appellees.

---

*Per Curiam.*

This is an appeal from a judgment of the Lucas County Court of Common Pleas. On December 3, 1990, the trial court granted defendant's Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

The issue in this case is whether an intoxicated person has a cause of action against a liquor permit holder for injuries sustained by the intoxicated person, herself. The trial court concluded that no cause of action exists.

Plaintiff appeals from the judgment and states the following as her sole assignment of error:

"The trial court erred when it held as a matter of law that the plaintiff-appellant was precluded from recovery by the express terms of R.C. 4399.18."

The pertinent facts are as follows. On May 2, 1990, the decedent, Ann Smith, was a patron of The Buffalo Cafe. Sometime after drinking at The Buffalo Cafe, Smith died of acute alcohol intoxication. Lorine Fifer, the administrator of Smith's estate, brought a wrongful death action and alleged that The Buffalo Cafe was liable for Smith's death pursuant to R.C. 4399.18 and for violating R.C. 4301.22(B) and (C). The trial court granted defendant's motion to dismiss for failure to state a claim upon which relief can be granted.

A Civ.R. 12(B)(6) motion to dismiss will only be granted if the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. In considering a Civ.R. 12(B)(6) motion the court is required to view the facts presented in the pleadings in a light most favorable to the nonmoving party. *Finn v. Gunter* (C.A.11, 1984), 722 F.2d 711. If matters outside of the pleadings are considered on a motion to dismiss for failure to state a claim upon which relief can be granted, Civ.R. 12(B) requires that the motion be treated as one for summary judgment.

Appellant argues that the trial court misstated the facts in granting the motion to dismiss. The trial court, however, made its decision based on the facts in the pleadings, which is proper procedure under Civ.R. 12(B)(6). Furthermore, the consideration of affidavits submitted by appellant would have been harmless error in this case because it was decided that appellant had no cause of action. Civ.R. 61.

R.C. 4399.18 provides in pertinent part:

"Notwithstanding section 2307.60 and except as otherwise provided in this section and in section 4399.01 of the Revised Code, no person and no executor or administrator of the person, who suffers personal injury, death, or property damage as a result of the actions of an intoxicated person has a cause of action against any liquor permit holder or his employee who sold beer or intoxicating liquor to the intoxicated person unless the injury, death, or property damage occurred on the permit holder's premises or in a parking lot under his control and was proximately caused by the negligence of the permit holder or his employees.  * * *"

By its express terms, R.C. 4399.18 does not provide appellant with a cause of action. R.C. 4399.18 only provides a cause of action to third parties for injuries caused by an intoxicated patron. No court has applied R.C. 4399.18 to a case where the intoxicated person himself was the injured or complaining party. See *Hall v. Zalewski* (June 21, 1991), Lucas App. No. L–90–206, unreported, 1991 WL 110377. Since appellant was not a third party injured by an intoxicated person, appellant has no cause of action under R.C. 4399.18.

Appellant then argues that the pleadings are sufficient to raise a common-law claim of negligence. She asserts that appellee owed Smith a duty under R.C. 4301.22(B) and (C), which prohibit the sale of alcoholic beverages to a visibly intoxicated person or to a person who habitually drinks alcohol to excess. Smith's death, she says, was the proximate result of the breach of this duty.

In *Smith v. The 10th Inning, Inc.* (1990), 49 Ohio St.3d 289, 291, 551 N.E.2d 1296, 1297, the Supreme Court of Ohio concluded that public policy precludes

a cause of action by an intoxicated patron against a liquor permit holder, where the injury was proximately caused by the patron's own intoxication. The issue in *Smith* was whether an intoxicated patron has a cause of action under R.C. 4301.22(B) against the permit holder that sold him the alcoholic beverages. *Smith, supra,* at 290, 551 N.E.2d at 1296. In rejecting the cause of action the Supreme Court stated:

"Clearly, permitting the intoxicated patron a cause of action in this context would simply send the wrong message to all our citizens, because such a message would essentially state that a patron who has purchased alcoholic beverages from a permit holder may drink such alcohol with unbridled, unfettered impunity and with full knowledge that the permit holder will be ultimately responsible for any harm caused by the patron's intoxication." *Id.* at 291, 551 N.E.2d at 1298.

The *Smith* court said that R.C. 4301.22 was enacted as a response to public concern over the effects of drunken driving and that "the intoxicated patron is not the type of 'innocent party' who was intended to be protected under R.C. 4301.22(B)." *Id.* at 292, 551 N.E.2d at 1298. The court concluded that:

"An intoxicated patron has no cause of action against a liquor permit holder under R.C. 4301.22(B) where the injury, death or property damage sustained by the intoxicated patron off the premises of the permit holder was proximately caused by the patron's own intoxication." *Smith, supra,* at syllabus.

Appellant next asserts that *Smith* precludes only a cause of action under R.C. 4301.22 where the injury occurred off the premises of the liquor permit holder. We believe that for the public policy reasons stated in *Smith,* the intoxicated patron has no cause of action under R.C. 4301.22, regardless of where the injury occurred. This court reiterated the reasoning of the *Smith* ruling when it said that R.C. 4301.22 was enacted to protect the public at large, not to benefit the intoxicated person. See *Hall, supra,* at 4. In *Hall,* we pointed out that "Ohio does not recognize a common law right of action against a liquor permit holder by an intoxicated patron or his estate for injuries sustained by the intoxicated person himself." *Hall, supra,* at 5. R.C. 4301.22(B) and (C), then, do not provide appellant with a cause of action.

For the foregoing reasons, appellant's sole assignment of error is found not well taken. The judgment of the Lucas County Court of Common Pleas is affirmed.

*Judgment affirmed.*

GLASSER, ABOOD and MELVIN L. RESNICK, JJ., concur.