**COLE et al., Appellants,**

v.

**BROOMSTICKS, INC., d.b.a. Express Convenient Mart, et al.**

[Cite as *Cole v. Broomsticks, Inc.* (1995), 107 Ohio App.3d 573.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–950058, C–950086.

Decided Nov. 15, 1995.

574

*John H. Metz,* for appellants John and Connie Cole.

*Benjamin, Yocum & Heather, Timothy P. Heather* and *Jeffrey P. McSherry,* for appellant Midwest Foundation Independent Physicians Association, d.b.a. ChoiceCare.

*McCaslin, Imbus & McCaslin, R. Gary Winters* and *Richard G. Wendel II,* for appellees.

PAINTER, Judge.

## I. Facts

On May 26, 1990, eighteen-year-old plaintiff-appellant John Cole and a friend entered the convenience store owned by defendant-appellee Broomsticks, Inc. ("Broomsticks") and purchased three cases of beer. Cole was not a minor, but underage only for the purpose of buying alcohol.[1]

In this case, Cole was allegedly able to purchase the beer without identification and without questioning by the cashier. After attending a get-together and drinking an unknown quantity of the beer at the home of a friend, Cole drove off by himself in spite of his friends' attempts to dissuade him. Cole made it back to his own home, but then left again, skidded off of the road and collided with a

---

1. Cole could legally do anything else an adult could: get married, buy real estate, vote, sign contracts, and serve in the armed forces, among other things. In the eyes of the federally mandated law, he can go to war, come home, buy a house, buy a car, and get married, but he cannot have a beer at his wedding reception.

telephone pole. Cole sustained serious injuries, including permanent brain damage.

Cole asserted a negligence claim against Broomsticks for his injuries based on its employee's violation of R.C. 4301.69, which prohibits the sale of alcoholic beverages to anyone under twenty-one years of age. His mother, plaintiff-appellant Connie Cole, supports him and takes care of his affairs. She asserted a loss-of-consortium claim stemming from her son's injuries. The trial court granted summary judgment against the Coles on both claims.

In their two assignments of error, the Coles assert that the trial court erred in granting summary judgment to Broomsticks on (1) John Cole's negligence claim and (2) Connie Cole's loss-of-consortium claim. For the reasons that follow, we overrule both assignments.

## II. Negligence Claim

■ Under Civ.R. 56(C), the party seeking summary judgment has the initial burden to identify those elements of the nonmoving party's case which do not raise genuine issues of material fact and upon which the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 114–115, 526 N.E.2d 798, 801. When the moving party satisfies its burden, the nonmoving party cannot rest on the allegations in the pleadings, but has a reciprocal burden to set forth specific facts demonstrating that there is a triable issue of fact. *Id.* at 115, 526 N.E.2d at 801; *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus (approving and following *Celotex*).

In this case, Broomsticks argues that no cause of action arose under the undisputed facts because Cole assumed the risk of his own voluntary intoxication, and that Broomsticks was therefore entitled to judgment as a matter of law.

In *Gressman v. McClain* (1988), 40 Ohio St.3d 359, 533 N.E.2d 732, the Ohio Supreme Court held that the holder of a liquor permit could be held liable to *third persons* for injuries or death caused by an intoxicated person who was served alcoholic beverages in violation of R.C. 4301.22(B) (sale to intoxicated person). The *Gressman* court stated that one of the purposes of R.C. 4301.22(B) was to protect the consumer of the beverage from his or her own conduct, as well as to protect the public at large from the intoxicated person's conduct. *Id.* at 362, 533 N.E.2d at 735.

However, in *Smith v. 10th Inning, Inc.* (1990), 49 Ohio St.3d 289, 291, 551 N.E.2d 1296, 1297–1298, the Ohio Supreme Court limited *Gressman* by stating, "[W]e do not believe that [R.C. 4301.22(B) ] should be used as a deep pocket in order to ameliorate the patron's own drunken behavior." The *Smith* court held

that an intoxicated patron had no cause of action against a liquor permit holder under R.C. 4301.22(B) where the patron suffered injuries that were proximately caused by that patron's own intoxication. *Id.,* syllabus. The *Smith* court approved "the basic commonsense notion that responsibility for one's voluntary liquor consumption should be one's own, since it reflects basic public policy considerations." *Id.* at 292, 551 N.E.2d at 1298. The court explained the public policy considerations as follows:

"As between the patron and the permit holder, we believe that the patron is in the best position to prevent intoxication before it occurs and, therefore, we find that the patron should, in this context, be denied a cause of action to recompense his or her own drunken behavior. In sum, we find that the intoxicated patron is not the type of 'innocent party' who was intended to be protected under R.C. 4301.22(B)." *Id.*

Broomsticks draws a parallel between R.C. 4301.22(B) and R.C. 4301.69. R.C. 4301.22(B) states that "[n]o permit holder and no agent or employee of a permit holder shall sell or furnish beer or intoxicating liquor to an intoxicated person." R.C. 4301.69(A) states that "no person shall sell beer or intoxicating liquor to an underage person * * *." By analogy to *Smith,* Broomsticks argues that an *underage* patron has no cause of action against a liquor permit holder under R.C. 4301.69 where the patron suffers injuries that are proximately caused by that patron's own intoxication.

Cole distinguishes the statutes by claiming that he was a minor for the purposes of becoming intoxicated and hence incompetent to responsibly assimilate the effects of alcohol, unlike the adult plaintiff in *Smith.* However, R.C. 4301.69(H) distinguishes between a "minor" as a person under the age of eighteen (R.C. 4301.69[H][3]) and an "underage person" as a person under the age of twenty-one (R.C. 4301.69[H][5]). Furthermore, the *Gressman* court clearly stated that "[t]here is no legal distinction between the violation of a duty not to furnish intoxicating beverages to a minor and the violation of a duty not to furnish intoxicating beverages to an intoxicated person." *Gressman, supra,* 40 Ohio St.3d at 362, 533 N.E.2d at 735.

■ The distinction between minor and underage person is apparent in *Lee v. Peabody's, Inc.* (June 9, 1994), Cuyahoga App. No. 65090, unreported, 1994 WL 258640. In *Lee,* the Eighth District Court of Appeals held that an underage person for the purpose of drinking alcohol who is not a minor is primarily responsible for becoming voluntarily intoxicated and has no cause of action under

R.C. 4399.18.[2] The *Lee* court held that the underage drinker was an adult for the purposes of her voluntary decision to become inebriated. We agree, and decline to create a class of underage adults who are held to a different standard from other adults.

The decision to drink and drive made by the underage drinker in *Lee* was considered a primary assumption of the risk, following the rationale in *Tome v. Berea Pewter Mug, Inc.* (1982), 4 Ohio App.3d 98, 4 OBR 181, 446 N.E.2d 848. Primary assumption of the risk requires the plaintiff to expose himself or herself "reasonably and voluntarily" to an obvious or known danger that would relieve the defendant from any duty to protect the plaintiff. *Siglow v. Smart* (1987), 43 Ohio App.3d 55, 539 N.E.2d 636.[3] Primary assumption of the risk is an absolute bar to recovery in a negligence action. *Anderson v. Ceccardi* (1983), 6 Ohio St.3d 110, 6 OBR 170, 451 N.E.2d 780.

Following these decisions, we must agree that because Cole assumed the risk of his own voluntary intoxication, Broomsticks was entitled to judgment as a matter of law.

### III. Loss–of–Consortium Claim

Ohio recognizes a cause of action only for the loss of a minor child's filial consortium and services. *Gallimore v. Children's Hosp. Med. Ctr.* (1993), 67 Ohio St.3d 244, 617 N.E.2d 1052, paragraph one of the syllabus. This cause of action has not been extended by Ohio courts to the parents of adult children. The rationale given by other Ohio courts is that parents bear a natural and legal burden of care for minor children, but not for adult children. See, *e.g.*, *Paroline v. Doling & Assoc.* (Nov. 15, 1990), Montgomery App. Nos. 11571, 11789, 11919, 1990 WL 177663, unreported. *Kotlar v. House* (1989), 57 Ohio App.3d 26, 566 N.E.2d 701. In any event, Ohio recognizes loss of consortium between parents and children only if the child is a minor. It is undisputed that John Cole was eighteen years old at the time of his accident and therefore not a minor child. R.C. 3109.01. Therefore, his mother's claim is unrecognized by Ohio law.

### IV. Conclusion

We hold that an adult, even though underage for the consumption of alcohol, may not recover from the seller of alcoholic beverages for injuries to himself

---

**2.** R.C. 4399.18 holds a liquor permit holder liable to injured parties if the permit holder knowingly sold an intoxicating beverage to, among others, a person in violation of R.C. 4301.69, and that person's intoxication proximately caused the personal injury, death or damage to the injured party.

**3.** Primary assumption of the risk should not be confused with implied assumption of the risk, which has merged with contributory negligence. See R.C. 2315.19; *Anderson v. Ceccardi* (1983), 6 Ohio St.3d 110, 6 OBR 170, 451 N.E.2d 780.

because of an automobile collision caused by his consumption of alcohol off the seller's premises, even though the alcohol was sold to him illegally; such an adult assumes the primary risk of injury from his intoxication, and therefore no duty is owed to him.[4] Further, we hold that in Ohio, there is no loss of consortium of an adult child. Therefore, we overrule both assignments of error and affirm the judgment of the trial court.

*Judgment affirmed.*

HILDEBRANDT, P.J., and MARIANNA BROWN BETTMAN, J., concur.

---

4. This rule does not necessarily apply to third persons who did not assume the risk of a tortfeasor's intoxication.