OPINION
Plaintiff Patricia Klever, the surviving parent of decedent Jeffrey Michael Klever, appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which dismissed her complaint for damages arising out of the wrongful death of plaintiff's decedent. Appellant alleges decedent was killed in a one-car accident after he consumed numerous alcoholic beverages served to him by employees of defendant Canton Sachsenheim, Inc while decedent was attending a wedding reception on Canton Sachsenheim property. At the time of his death, the decedent was 19 years old. Appellant's complaint alleged not only did appellee's employees fail to ask the decedent for verification of his age, but appellee's employees were specifically told decedent was under age. Subsequently, decedent drove his vehicle onto a public street and was killed when he struck a utility pole. Appellant offers two propositions of law, which she maintains the court violated in dismissing her complaint:
 PURSUANT TO OHIO REVISED CODE SECTIONS 4399.18 AND 4301.22 A PARTY HAS A CAUSE OF ACTION AGAINST A PERMIT HOLDER OR EMPLOYEE FOR PERSONAL INJURY OR DEATH CAUSED BY KNOWINGLY SERVING OR SELLING AN INTOXICATING BEVERAGE TO A NOTICEABLY INTOXICATED PERSON.
 PURSUANT TO OHIO REVISED CODE SECTION 4301.69 IT IS UNLAWFUL TO SELL BEER OR AN INTOXICATING LIQUOR TO AN UNDERAGE ADULT AS THE OHIO LEGISLATURE HAS JUDGED THAT UNDERAGE ADULTS ARE INCOMPETENT TO HANDLE INTOXICATING BEVERAGES AND UNDERAGE ADULTS THEREFORE FALL UNDER A "SPECIAL CLASS" OF PERSONS THAT THE STATUTE INTENDS TO PROTECT AND DEATH AS A RESULT OF A CAR CRASH IS A FORESEEABLE CONSEQUENCE OF SERVING INTOXICATING BEVERAGES TO AN UNDERAGE ADULT IN VIOLATION OF THE STATUTE.
Appellee has moved to strike an affidavit filed by Chris M. Ford in the within. The affidavit is outside the record on appeal. We sustain the motion to strike, and will disregard all extraneous matter from our consideration in this action.
 I and II In Smith v. The 10th Inning, Inc. (1990), 49 Ohio St.3d 289, the Ohio Supreme Court held:
 An intoxicated patron has no cause of action against the liquor permit holder under R.C. 4301.22(B) where the injury, death or property damage sustained by the intoxicated patron off the premises, of the permit holder was proximately caused by the patron's own intoxication.
 Syllabus by the court.
The Supreme Court's opinion does not state how old Daniel Smith was at the time of the incident. The Supreme Court's opinion, however, discusses at length the public policy issue which led the Court to conclude Smith could not recover from the persons who served him the intoxicating beverage. The Supreme Court noted one of the purposes of R.C. 4301.22(B), is to protect the consumer of the beverage from his own folly, as well as to protect the public at large from the unwise drinker's conduct.Smith at 291, citing Gressman v. McClain (1988), 40 Ohio St.3d 359
at 362. Nevertheless, the Supreme Court in Smith rejected a suggestion the issue of the negligence of the intoxicated patron versus the employees of the bar presents a comparative negligence issue. The Supreme Court cites common sense public policy:
 [A]n adult who is permitted to drink alcohol must be the one who is primarily responsible for his or her own behavior and resulting voluntary actions. Clearly, permitting the intoxicated patron a cause of action in this context would simply send the wrong message to all of our citizens, because such a message would essentially state that a patron who has purchased alcoholic beverages from a permit holder may drink such alcohol with unbridled, unfederated impunity and with full knowledge that the permit holder would ultimately be responsible for any harm caused by the patron's intoxication.
 In our opinion, such a message should never be countenanced by this court.
 Smith at 291-292.
The Supreme Court concluded the appropriate way to prevent intoxication would be to deny a cause of action, which would otherwise effectively recompense a person for his or her own drunken behavior. The Court noted the intoxicated person is in a better position to prevent intoxication than the permit holder.Id.
In Steed v. Chances Entertainment, Inc. (July 25, 1996), Muskingum Appellate # CT95-0030, unreported, this court reviewed a situation wherein a 19 year old decedent was killed in a single-car accident after being served alcoholic beverages at Chances Bar. In Steed, the administrator of decedent's estate invited this court to recognize a separate class of underage intoxicated patrons who should be permitted to recover against a permit holder because R.C. 4301.69 prohibits the sale of alcohol to underage persons. In Steed, we found a person who is underage only for the purpose of drinking alcohol, and who is not otherwise a minor, is still primarily responsible for becoming voluntarily intoxicated and should have no cause of action against the permit holder. Other courts have held similarly, see Lee v. Peabody,Inc. (June 9, 1994), Cuyahoga Appellate # 65090, unreported.
R.C. 4399.18 provides in pertinent part:
 Notwithstanding division (A) of section 2307.60 of the Revised Code and except as otherwise provided in this section and in section 4399.01 of the Revised Code, a person, and the executor or administrator of the estate of a person, who suffers injury, death, or loss to person or property as a result of the actions or omissions of an intoxicated person do not have a cause of action against a liquor permit holder or an employee of a liquor permit holder who sold beer or intoxicating liquor to the intoxicated person unless the injury, death, or loss to person or property occurred on the liquor permit holder's premises or in a parking lot under the control of the liquor permit holder and was proximately caused by the negligence of the liquor permit holder or an employee of the liquor permit holder. A person has a cause of action against a liquor permit holder or an employee of a liquor permit holder for injury, death or loss to person or property caused by the negligent actions or omission of an intoxicated person occurring off the premises of the liquor permit holder or away from a parking lot under the liquor permit holder's control only when both of the following can be shown by a preponderance of the evidence:
 (A) The liquor permit holder or an employee of the liquor permit holder knowingly sold an intoxicating beverage to at least one of the following:
 (1) A noticeably intoxicated person in violation of division (B) of section 4301.22 of the Revised Code;
 (2) A person in violation of division (C) of section 4301.22 of the Revised Code;
 (3) A person in violation of section 4301.69 of the Revised Code.
 (B) The person's intoxication proximately caused the injury, death, or loss to person or property.
Appellant urges this court to revisit Steed and find Ohio law should evolve to provide for the legislature's intent to protect persons under 21 years old from the consequences their immaturity and limited experience which could lead them to make unfortunate choices regarding the appropriate use of alcohol. In Mussivand v.David (1989), 45 Ohio St.3d 314, the Ohio Supreme Court acknowledged the definition of legal duty must change and evolve in conformance with public opinion, social changes, and modern technology. This is not a new and radical concept. In a letter to Samuel Kercheval on July 12, 1816, Thomas Jefferson articulated the same principle:
 I am not an advocate for frequent changes in laws and constitutions, but laws and institutions must go hand in hand with the progress of the human mind. As that becomes more developed, more enlightened, as new discoveries are made, new truths discovered and manners and opinions change, with the change of circumstances, institutions must advance also to keep pace with the times. We might as well require a man to wear still the coat which fitted him when a boy as civilized society to remain ever under the regimen of their barbarous ancestors."
In Steed, supra, this court found an underage drinker is an adult for the purposes of his or her voluntary decision to become inebriated. We find this violates the clear intent of the legislature when it decreed persons under 21 are not entitled to decide whether or not to drink. Where the person is statutorily ineligible to drink, all of the Supreme Court's otherwise laudable remarks, on the issue of personal responsibility for voluntary liquor consumption, evaporate. Certainly, we must also presume the legislature understands there is a gap between the statutory age of majority of 18 and the legal drinking age of 21, and we must also presume the legislature had a reason to devise this gap. Our decision in Steed ignores the legislature's action instead of enforcing it.
We find the Supreme Court's decision in Smith, supra, is clearly distinguishable from the case at bar, and we find on the facts pled, an intoxicated patron or his representative may maintain a cause of action against a liquor permit holder under R.C. 4301.22(B) even if the patron was voluntarily intoxicated, where the patron is under age and therefor not capable of making a legal decision to become voluntarily intoxicated.
We find the appellant's complaint does state a claim upon which relief may be granted, and for this reason, we find the trial court erred in dismissing the complaint.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law.
By Gwin, P.J., Hoffman, J., concur.
Reader, J., dissents.