OPINION
Plaintiff Rickey M. Medell, Jr., appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of appellee Bradley C. Nave and dismissing appellant's complaint for personal injury. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF THE APPELLEES.
In its judgment entry of July 18, 2001, the trial court found certain facts were undisputed. On or about July 4, 1999, appellee Nave had a party at his home. Appellant had been drinking with friends prior to arriving at the party. Appellant did not know appellee, and had not been invited to the party, but came with a friend. Appellant admits he was intoxicated. Appellant alleges around midnight, defendant Ryan Wilson, who is not a party to this appeal, attempted to light bottle rockets in a female guest's hair. Appellant further alleges Wilson offered to pay the female guest to dance naked for him. Another man asked Wilson to stop bothering the woman, at which point Wilson threatened to strike the guest. Appellant intervened, and Wilson struck him.
Appellee Nave had known Wilson for some time, and knew he had committed alcohol related offenses in the past, because he became argumentative and violent while drinking. Appellee Nave was not present when the altercation occurred, and did not know that Wilson had become unruly during this party. Appellant admitted he never informed Nave that Wilson was creating problems.
The trial court found a social host does not have a duty to maintain supervision of an adult guest, and in the absence of a special relationship, has no duty to act affirmatively for the protection of others, citing The Estate of Valesquez v. Cunningham (2000),137 Ohio App.3d 413. The court found further a property owner's duty to warn his guests is not heightened by the voluntary intoxication of social guests, Id.
The court also cited Smith v. The 10th Inning, Inc. (1990),49 Ohio St.3d 289, which articulated the common sense public policy that an adult who drinks must be the one primarily responsible for his own behavior, and his resulting voluntary actions, Smith at 291.
Appellant urges appellee knew, and should have warned, that Wilson had the propensity to become argumentative and even violent when he was drinking. The court found, however, that appellant should have known Wilson was capable of aggressive actions without being warned. The court found appellant had observed Wilson's behavior with the female guest, and heard him threaten another guest with physical harm. The court found based upon these circumstances, appellant knowingly and deliberately assumed the risk which resulted in his injury.
Civ. R. 56 (C) states in pertinent part:
(C) Motion and proceedings
 The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party, prior to the day of hearing, may serve and file opposing affidavits. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, Houndshell v. AmericanStates Insurance Company (1981), 67 Ohio St.2d 427 at 433. A trial court may not resolve ambiguities in the evidence presented, Inland RefuseTransfer Company v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St.3d 321. This court will review a summary judgment by the same standard as the trial court, Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35.
Appellant urges there are genuine issues of material fact. The trial court found appellee did not have actual knowledge of Wilson's conduct, but appellant urges appellee had constructive knowledge because he knew of Wilson's propensity for violence when he was drinking, and he knew Wilson was intoxicated.
In Scheibel v. Lipton (1951), 156 Ohio St. 308, the Ohio Supreme Court found a host owes a social guest a duty to exercise ordinary care not to cause injury by any activities carried on by the host on his premises, and to warn the guests of any condition of the premises which is known to the host if the host has reason to believe the guest does not know of and cannot discover dangerous conditions.
We find the trial court was correct in holding it was unnecessary for appellee to warn appellant of the danger, because it was open and obvious to appellant. We find the question of whether appellee had constructive notice of the danger is not a material fact to the legal analysis.
Appellant also argues there is an issue of material fact as to whether or not he assumed the risk. Appellant argues while appellee should have had constructive knowledge of Wilson's propensities, appellant himself was unaware of the danger. However, on the undisputed facts before us, we agree with the trial court appellant knew or should have known Wilson's intoxication and conduct created a dangerous condition.
Finally, appellant urges appellee was not entitled to a judgment as a matter of law. Appellant urges appellee breached his duty not to cause injury to his guests by any activities he carries on, and to warn the guests of any condition of the premises which are dangerous. Based upon our reasoning, supra, and the trial court's discussion, we find the trial court was correct in holding appellee was entitled to judgment as a matter of law on these facts.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By GWIN, P.J., FARMER, J., and EDWARDS, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.