JOURNAL ENTRY and OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. Appellant, David Snider ("appellant"), appeals the trial court's decision granting the motions to dismiss filed by appellees, Cleveland Sportservice, Inc. ("vendor") and Levy Premium Foodservice Limited Partnership ("permit holder"). For the following reasons, we affirm the decision of the trial court.
 {¶ 2} Appellant filed his complaint against, inter alia, the vendor and the permit holder of alcoholic beverages served to him at a Cleveland Indians baseball game. He alleged that the vendor and the permit holder were liable for his undisputed intoxication and subsequent injury when he fell over a stairwell railing at the ballpark. In particular, appellant alleged that, under Ohio's Dram Shop Act, Section 4301 et seq., both the vendor and the permit holder who served him alcoholic beverages proximately caused his injury. The trial court granted the vendor's and the permit holder's motions to dismiss appellant's complaint.[1]
 {¶ 3} The query as to whether an intoxicated patron has a cause of action for damages under Ohio's Dram Shop Act against the permit holder that sold the alcoholic beverages was answered by the Supreme Court of Ohio in the negative in Smith v. 10th Inning, Inc. (1990),49 Ohio St.3d 289, 551 N.E.2d 1296. The Smith court explained its reasoning as follows:
 {¶ 4} "Some might suggest that this court permit a cause of action by the intoxicated patron and allow the court or jury to determine the comparative negligence of the permit holder and the intoxicated patron. While this alternative seems attractive, we decline such a course for several reasons. Basically, comparing the negligence of the parties in this context presents a classic `chicken or egg' question: Is the permit holder who admittedly has experience in knowing the predilections and capacities of his or her customers more negligent or blameworthy than the intoxicated patron who is clever enough to mask his or her own intoxication in order to be served another drink. In any event, we find that one of the strongest reasons compelling rejection of such a cause of action by the intoxicated patron against the permit holder is one grounded firmly in commonsense public policy; namely, that an adult who is permitted to drink alcohol must be the one who is primarily responsible for his or her own behavior and resulting voluntary actions. Clearly, permitting the intoxicated patron a cause of action in this context would simply send the wrong message to all our citizens, because such a message would essentially state that a patron who has purchased alcoholic beverages from a permit holder may drink such alcohol with unbridled, unfettered impunity and with full knowledge that the permit holder will be ultimately responsible for any harm caused by the patron's intoxication. In our opinion, such a message should never be countenanced by this court." 49 Ohio St.3d at 291-292; see, also, Stehr v. TGIFriday's, Inc. (Oct. 28, 1999), Cuyahoga App. No. 74846 (following Smith
and prohibiting a cause of action for injuries sustained by reason of one's own intoxication).
 {¶ 5} It is a time-honored rule in Ohio that an intoxicated person has no cause of action against a liquor permit holder under R.C. 4301.22(B) where the injury, death, or property damage sustained by the intoxicated person off the premises of the permit holder was proximately caused by the patron's own intoxication. Klever v. Canton Sachsenheim, Inc. (1999),86 Ohio St.3d 419, 715 N.E.2d 536; Fifer v. Buffalo Café (1991),76 Ohio App.3d 297, 601 N.E.2d 601. As explained in Klever:
 {¶ 6} "Ohio historically refused to recognize claims against tavern owners for any injuries caused by their intoxicated patrons. The Ohio Dramshop [sic] Act, R.C. 4399.18, embodies that general common-law rule that a person (or his representative) may not maintain a cause of action against a liquor permit holder for injury resulting from the acts of an intoxicated person. The statute creates a narrow exception, however, to the basic premise of non-liability by providing that `a person' has a cause of action against a permit holder or its employee for off-premises injury caused by an `intoxicated person' `only when' certain criteria are met.
 {¶ 7} "The Dramshop's [sic] Act's limited exception to non-liability codified the `pre-existing public policy.' That policy, developed through decisional law, was that an innocent third party could recover from a commercial proprietor for injuries caused by an intoxicated patron under certain circumstances. Because this statutory exception creates a cause of action not previously recognized by common law, the exception must be narrowly construed." 86 Ohio St.3d at 421. (Internal citations omitted.) (Emphasis in original.)
 {¶ 8} Here, appellant argues that the trial court should not have dismissed his complaint because the proximate cause of his injury was a combination of his intoxicated state and the "nuisance" posed by the open stairways and stairwells at the ballpark. Even construing the evidence in the light most favorable to appellant, there is no support in the law that a stairway constitutes a nuisance. It appears to be appellant's argument that a stairway becomes a nuisance when it is encountered by an intoxicated person. This court is loathe to hold that anything, regardless of its dangerous or innocuous nature, is a nuisance when encountered by a drunk. As stated by the Smith court:
 {¶ 9} "As between the patron and the permit holder, we believe that the patron is in the best position to prevent intoxication before it occurs and, therefore, we find that the patron should, in this context, be denied a cause of action to recompense his or her own drunken behavior." 49 Ohio St.3d at 292.
 {¶ 10} Because the proximate cause of appellant's injury was solely the result of his choice to become intoxicated, the trial court did not err in dismissing appellant's complaint against the vendor and permit holder of the alcoholic beverages sold to him at the ballpark. Each of us is primarily responsible and accountable for the results of our voluntary acts. Thus, the decision of the trial court is affirmed.
Judgment affirmed.
Blackmon, A.J., and Cooney, J., Concur.
[1] Prior to this appeal, appellant voluntarily dismissed the remaining defendants.