OPINION
{¶ 1} Defendants-appellants William Walker, Jr., et al. appeal the November 2, 2004 Judgment Entry entered by the Stark County Court of Common Pleas, which denied their Motion for Attorney Fees after the trial court granted summary judgment in their favor. Plaintiff-appellee is Martin Gump, Administrator of the Estate of Ronald Huffman.
 STATEMENT OF THE CASE[1] {¶ 2} On September 24, 2003, appellee filed a Complaint for wrongful death against appellants. The Complaint alleged Ronald Huffman died on February 24, 2003, of acute ethanol poisoning as the result of the negligent, reckless, and wanton misconduct of appellants, their agents, and/or employees. On December 19, 2003, appellants filed a Motion for Judgment on the Pleadings, asserting Ohio does not recognize a cause of action by an adult intoxicated patron or his estate against a liquor permit holder for self-inflicted injuries. The trial court granted appellants' Motion for Judgment on the Pleadings via Judgment Entry filed January 8, 2004. Appellee filed a Motion to Vacate Judgment on the Pleadings on January 12, 2004, asserting appellee's counsel never received a copy of the motion. Appellee subsequently filed a Response to Appellants' Motion for Judgment on the Pleadings as well as a Notice of Appeal of the trial court's January 8, 2004 Judgment Entry. This Court dismissed the appeal for want of a final appealable order via Judgment Entry filed May 18, 2004.
 {¶ 3} Thereafter, the trial court vacated the January 8, 2004 Judgment Entry and denied appellants' Motion for Judgment on the Pleadings. Appellants filed a Motion for Summary Judgment, asserting the coroner's conclusion Huffman's death was accidental precluded appellee's claim for relief. Additionally, appellants asserted they did not owe a duty to Huffman as his injury was proximately caused by his own voluntary intoxication/consumption of alcohol. In support of their position, appellants relied on the Ohio Supreme Court's decision in Smith v. The 10thInning, Inc. (1990) 49 Ohio St.3d 289.
 {¶ 4} Appellee filed a reply thereto, countering Huffman was attending an after-hours party at appellants' place of business; therefore, appellants owed a duty to Huffman as a social guest. Appellee further argued the coroner's opinion as to the cause of Huffman's death was not conclusive of the case, and a determination of whether Huffman's death was the proximate result of appellants' negligence was an issue of fact for the jury. Via Judgment Entry filed October 12, 2004, the trial court granted summary judgment in favor of appellants, finding Smith v. The10th Inning, Inc., supra, to be dispositive. On October 27, 2004, appellants filed a Motion for Attorney Fees. Via Judgment Entry filed on November 2, 2004, the trial court denied appellants' motion for attorney fees.
 {¶ 5} It is from the November 2, 2004 Judgment Entry appellants appeal, raising as their sole assignment of error:
 {¶ 6} "I. THE TRIAL COURT ERRED, TO APPELLANTS' PREJUDICE, IN DENYING WITHOUT A HEARING, APPELLANTS' MOTION FOR ATTORNEY'S FEES."
 I {¶ 7} In their sole assignment of error, appellants contend the trial court erred in denying their Motion for Attorney Fees without a hearing.
 {¶ 8} "R.C. 2323.51 provides that a court may award court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct. `Frivolous conduct,' as defined in R.C.2323.51(A)(2)(a)(ii), includes conduct that is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law. * * * no single standard of review applies in R.C. 2323.51
cases, and the inquiry necessarily must be one of mixed questions of law and fact. A determination that conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law requires a legal analysis. Lable Co. v. Flowers (1995),104 Ohio App.3d 227, 233, 661 N.E.2d 782. With respect to purely legal issues, we follow a de novo standard of review and need not defer to the judgment of the trial court. (Citation omitted). Where a trial court has found the existence of frivolous conduct, the decision to assess or not to assess a penalty lies within the sound discretion of the trial court. (Citation omitted). Further, R.C. 2323.51 employs an objective standard in determining whether sanctions may be imposed against either counsel or a party for frivolous conduct. Stone v. House of Day Funeral Serv., Inc.
(2000), 140 Ohio App.3d 713, 748 N.E.2d 1200." Huntsman v.Lowery, Stark App. No. 2003CA00210, 2004-Ohio-753.
 {¶ 9} Appellants specifically argue appellee's conduct in commencing the lawsuit was frivolous as the circumstances under which Huffman died, i.e. his own voluntary excess consumption of alcohol, do not give rise to a cognizable cause of action under Ohio law. Appellants note, "It is well-settled in Ohio, and does not, for the instant purposes, require citation to case law, that an adult is solely responsible for the consequences to himself or herself of voluntary consumption of alcoholic beverages, regardless of the consumption situs and regardless of his or her invitee status." Brief of Appellants at 3. Despite appellants' assertion a case law citation is not required, we shall, nonetheless, cite the applicable rule of law.
 {¶ 10} In Smith v. The 10th Inning, Inc. (1990),49 Ohio St.3d 289, the Ohio Supreme Court held: "Therefore, * * * as a matter of public policy, an intoxicated patron has no cause of action against a liquor permit holder under R.C. 4301.22(B) where the injury, death or property damage sustained by the intoxicated patron off the premises of the permit holder was proximately caused by the patron's own intoxication." Id. at 292.
 {¶ 11} Comparing the facts of Smith to the facts herein, we find the events underlying the instant action were sufficiently egregious to present a cause of action and "a good faith argument for an extension, modification, or reversal of existing law." In the case sub judice, Huffman attended an after hours party at a bar owned by appellant William Walker, Jr. Huffman ingested alcohol until he passed out. When Huffman asked for water, he was given rum, and did not recognize the difference. This fact alone calls into question the voluntariness of Huffman's intoxication. Further, as Huffman laid unconscious, appellants' employees wrote on his body with permanent markers. When the party ended, the establishment was locked despite the fact Huffman remained inside, unconscious in a booth. We find these facts are sufficiently atypical of the usual voluntary intoxication case to warrant a finding the bringing of the claim was not frivolous. Accordingly, we find the trial court did not abuse its discretion in denying appellants' request for attorney fees.
 {¶ 12} Appellants' sole assignment of error is overruled.
 {¶ 13} The November 2, 2004 Judgment Entry of the Stark County Court of Common Pleas is affirmed.
Hoffman, J. Gwin, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellants.
[1] Any facts necessary for our disposition of this case shall be set forth within our discussion of appellants' assignment of error.