DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas, wherein the trial judge granted appellee's Civ.R. *Page 2 
12(B)(6) motion to dismiss appellant's complaint. The following facts of this cause are taken strictly from appellant's complaint.[1]
 {¶ 2} Appellee, the Toledo Police Patrolman's Association, Local 10 IUP, AFL-CIO ("TPPA"), is the owner and operator of a private club located in Toledo, Lucas County, Ohio, in which it serves intoxicating liquor and beer. The TPPA's liquor permit allows it to sell alcoholic beverages only to those members of its association and their guests. The TPPA has a policy of terminating service to a club patron if it appears that that individual is intoxicated. In addition, appellee also has a policy of prohibiting an intoxicated individual from driving a motor vehicle if he or she appears to be impaired or imbibes too much alcohol and will arrange transportation for that individual.
 {¶ 3} On the evening of March 27, 2004 and into the early morning hours of March 28, 2004, the decedent, Ronald Navarro II, was served alcoholic beverages at the TPPA's club. Navarro was not a member of the TPPA, but worked as a civilian dispatcher for the Toledo Police Department. Navarro left the TPPA's club at "approximately 1:00 a.m." Shortly later, he drove his motor vehicle into the side of a building and was severely injured. He died as a result of his injuries at 11:35 a.m. that same morning. At the time of his accident, Navarro's blood alcohol level was 0.35 *Page 3 
percent, which is more than "four times the legal limit for operating a motor vehicle under the provisions of the Ohio Revised Code."
 {¶ 4} On March 27, 2006, appellant, Richard H. Carr, the Administrator of the Estate of Ronald Navarro II, filed a complaint on behalf of the decedent's spouse, children, parents, next of kin, and beneficiaries. Appellant asserted claims of wrongful death, "negligence and/or recklessness and/or intentional, willful and wanton misconduct" on the part of TPPA. These claims are premised on appellee's alleged breach of a duty to serve alcoholic beverages only to TPPA members and guests of those members, a purported breach of a TPPA member's duty to recognize that the decedent was "highly intoxicated," and the supposed breach of a duty to obtain safe transportation for Navarro.
 {¶ 5} Subsequently, TPPA failed to file an answer to appellant's complaint; therefore, the trial court granted appellant's motion for a default judgment. TPPA, however, filed a Civ.R. 60(B) motion for relief from judgment. The court below granted this motion. TPPA then filed a motion to dismiss appellant's complaint for failure to state a claim upon which relief could be granted. Relying on Smith v. The 10th Inning,Inc.(1990), 49 Ohio St.3d 289, the trial court agreed with TPPA and found that appellant had no cause of action against appellee.
 {¶ 6} Appellant appeals the trial court's judgment and sets forth the following "STATEMENT OF THE ISSUE PRESENTED FOR REVIEW" (Assignment of Error): *Page 4 
 {¶ 7} "The trial court erred in dismissing the Plaintiff/Appellant's Complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted when Plaintiff/Appellant pled facts that established Defendant/Appellee had created a duty that could be relied upon and then breached that duty which resulted in the death of decedent, which entitled Plaintiff/Appellant to proceed with a negligence action."
 {¶ 8} A Civ.R. 12(B)(6), motion to dismiss a complaint for failure to state a claim upon which relief may be granted tests the sufficiency of a complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Com'rs,65 Ohio St.3d at 548. In order for the moving party to prevail on such a motion, it must appear beyond doubt from the face of the complaint that the plaintiff can prove no set of facts entitling him to relief.State ex rel. Midwest Pride IV, Inc. v. Pontious (1996),75 Ohio St.3d 565, 569. In reaching its decision on a Civ.R. 12(B)(6) motion, a trial court must construe the complaint in the light most favorable to the plaintiff, must presume all of the factual allegations in the complaint as true, and must make all reasonable inferences in favor of the plaintiff. State ex rel. Seikbert v. Wilkinson (1994),69 Ohio St.3d 489, 490. Our review of a trial court's grant of a Civ.R. 12(B)(6) motion to dismiss is de novo. Perrysburg Township v. Rossford,103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5.
 {¶ 9} In Smith v. 10th Inning, Inc., the Ohio Supreme Court was asked to decide whether a holder of a liquor permit issued pursuant to R.C.4301.10 could be held liable under R.C. 4301.22(B) for, inter alia, an intoxicated patron's injury or death that occurred off the premises of the permit holder and was caused by the patron's own intoxication. *Page 5 
Id. at 291. The Smith court held that the intoxicated person has no cause of action under such circumstances. Id. at the syllabus. In reaching its decision, the court reasoned that an adult who drinks alcohol is primarily responsible for his or her own voluntary behavior, and must, therefore, be held accountable for any injuries caused by those voluntary actions. Id.
 {¶ 10} Appellant argues, however, that Smith does not apply to the circumstances of this cause because of the unique situation. Specifically, he asserts that due to the specialized knowledge of police officers in determining when an individual is intoxicated and the fact that the TPPA would provide transportation for intoxicated members created a duty on TPPA's part to stop serving him alcoholic beverages and/or to provide him with transportation. We disagree.
 {¶ 11} Appellant is actually asking this court to allow a cause of action based on negligence that would allow the court or jury to compare the negligence of the intoxicated patron against the alleged negligence of the permit holder. The Ohio Supreme Court rejected this theory of recovery in Smith. Id. at 291. The court noted that while this theory "seems attractive," it would allow a patron who purchases alcoholic beverages from a permit holder to "drink alcohol with unbridled, unfettered impunity and with the full knowledge that the permit holder [would] be ultimately responsible for any harm caused by the patron's intoxication." Id. Thus, we find that appellant's theory of recovery would fly in the face of established law and, for that reason, his sole " *Page 6 
STATEMENT OF THE ISSUE PRESENTED FOR REVIEW," i.e., assignment of error, is found not well-taken.
 {¶ 12} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., and Thomas J. Osowik, J. CONCUR.
[1] Appellant sets forth "facts" in his brief that are not in the complaint. Because our analysis and decision in this cause must be made within the context of a motion to dismiss pursuant to Civ.R. 12(B)(6), we shall ignore these alleged "facts." See State ex rel. Hanson v.Guernsey Cty. Bd. Of Commrs. (1992), 65 Ohio St.3d 545, 548,1992-Ohio-73 (A Civ.R. 12(B)(6) motion must be judged on the face of the complaint alone.). *Page 1