STEVENS et al., Appellants,

v.

UNITED AUTO WORKERS, LOCAL 1112, et al., Appellees.

[Cite as *Stevens v. United Auto Workers, Local 1112* (1996), 110 Ohio App.3d 153.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 93 C.A. 238.

Decided Feb. 7, 1996.

*James S. Gentile,* for appellants.

*Virginia L. Heidloff* and *Gary L. Nicholson,* for appellee United Auto Workers, Local 1112.

*Marshall D. Buck,* for appellees Tri–County Distributing, Inc. and Edward Smith.

*Scott A. Washam,* for appellee Dale Eastham.

*Glenn R. Osborne,* for appellee William Jones.

*Richard B. Blair,* for appellee estate of William Briscoe.

---

GENE DONOFRIO, Judge.

Plaintiffs-appellants, Sonja and Jeffrey A. Stevens, appeal from an order of the Mahoning County Common Pleas Court granting summary judgment to defendants-appellees, United Auto Workers Local 1112, William Jones, Dale Eastham, the estate of William Briscoe, Tri–County Distributing, Inc., and Edward Smith.

In the early morning hours of June 23, 1989, a car being driven by Harry C. Sprankle went off the side of the roadway, struck a guardrail, went airborne, and struck a bridge pillar. Harry and his son, Brian Scott Sprankle, were killed in the accident. Appellant Sonja Stevens, who also was a passenger in the vehicle, was injured. Harry Sprankle had a blood-alcohol level of .218 percent at the time of the accident.

Appellant Sonja Stevens and her husband subsequently filed the instant lawsuit against appellees, alleging that appellees had negligently sold, furnished or otherwise provided intoxicating beverages to Harry Sprankle and that their negligence was the direct and proximate cause of appellant Sonja Stevens's injuries.

During discovery, the facts emerged as follows. On the day of the accident, Harry Sprankle, Brian Sprankle and Sonja Stevens had finished working the

afternoon shift at the General Motors Lordstown Plant, which ended at approximately 2:30 a.m. After leaving work, the three went to the union hall in order to attend a fundraiser for a fellow employee who had been injured.

Whether the appellee union had sponsored the fundraiser was disputed below. The only evidence presented by appellants below which tended to support their allegation that the union had sponsored the event was a copy of a union zone newsletter, which had printed at the top the names of union officials and contained the following excerpt:

"The party will be in the pavilion after work Thursday, June 22, 1989, and will last until 5:00 a.m. While the beer and pop will be free, there will be donations for the hot dogs. The proceeds will go to Brother H. Offenbecker, a body shop employee who was seriously injured in May of 1988, when the chimney on his house caved in crushing his head. He had to be transported, via the Life Lift Helicopter, to a hospital specializing in critical head injuries for treatment. Brother Offenbecker is still on sick leave and would greatly appreciate any help we could give him in reducing his medical cost."

The union and the individual union defendants (William Jones, Dale Eastham, and the estate of William Briscoe) denied that the union had sponsored the fundraiser and asserted that the function had merely been held at the union hall and that it had been sponsored by Offenbecker's fellow employees. The affidavit of Frank Martin, the financial secretary for the union, showed that the union had not sponsored the fundraiser and that William Briscoe, a member of the union, had merely reserved the union hall, which was available for the use of all union members. Further, the deposition testimony of William Jones and Dale Eastham, then union committeemen, showed that the fundraiser was sponsored by Offenbecker's co-workers, not the union.

Alcohol was being served at the fundraiser by means of a beer dispensing truck which had been ordered from appellee Tri–County Distributing, Inc., through Tri–County's employee, appellee Edward Smith. Appellee Dale Eastham had ordered the beer truck and had driven it to the union hall. While appellants alleged that the beer had been sold at the fundraiser, there was no evidence presented below to support this allegation.

The affidavit of appellant Sonja Stevens established that Harry Sprankle was observed at the party drinking from one of the cups in which the beer was served. There was no evidence presented below that any of the individual defendants had served beer to Harry Sprankle.

Summary judgment was ultimately granted in favor of all appellees. Appellants then filed the instant appeal.

■ Plaintiffs-appellants have listed two assignments of error. The first states:

"The court erred in granting summary judgment in favor of defendants Tri–Counting [*sic* ] Distributing, Inc. and Ted Edward Smith."

In connection with this first assignment of error, appellants argue that appellees Tri–County and Edward Smith violated Ohio law by selling beer to the union. Appellants argue that Tri–County and Smith are wholesale distributors of beer and must hold a B–1 permit under R.C. 4303.06, which allows them to distribute or sell beer only for home use or to retail permit holders. According to appellants, since Tri–County and Smith sold the beer to the union, they violated the statute and breached their alleged duty of reasonable care owed to third parties. Appellants cite *Mason v. Roberts* (1973), 33 Ohio St.2d 29, 62 O.O.2d 346, 294 N.E.2d 884, in support of their position.

R.C. 4399.18 provides in part:

"A person has a cause of action against a permit holder or his employee for personal injury, death, or property damage caused by the negligent actions of an intoxicated person occurring off the premises or away from a parking lot under the permit holder's control only when both of the following can be shown by a preponderance of the evidence:

"(A) The permit holder or his employee knowingly sold an intoxicating beverage to at least one of the following:

"(1) A noticeably intoxicated person in violation of division (B) of section 4301.22 of the Revised Code:

"(2) A person in violation of division (C) of section 4301.22 of the Revised Code;

"(3) A person in violation of section 4301.69 of the Revised Code;

"(B) The person's intoxication proximately caused the personal injury, death, or property damage."

In *Stillwell v. Johnson* (1991), 76 Ohio App.3d 684, 602 N.E.2d 1254, the court held that, with the adoption of R.C. 4399.18, all common-law and prior statutory actions against permit holders or their employees for the negligent acts of intoxicated patrons were merged and injured persons were limited to those remedies found in either R.C. 4399.01 or 4399.18. The *Stillwell* court reached this result by examining the historical evolution of case and statutory law in this area.

In reaching its holding, the *Stillwell* court noted that, at common law, one injured by an intoxicated person could not recover from the provider of the alcohol since the proximate cause of the injury was viewed as being the consumption of the alcohol rather than the sale of it.

In response to the common law, the Ohio legislature enacted R.C. 4399.01, which grants a right of action against one providing alcohol to a person who was on the "blacklist" of the Ohio Department of Liquor Control. In *Mason v. Roberts, supra*, the Ohio Supreme Court held that this statute was not the sole remedy available against a liquor permit holder and that liability could be imposed in instances where the permit holder knew that the purchaser could not refrain from drinking or where the sale violated a statute. The *Stillwell* court noted that two statutes which were used to invoke this second exception were R.C. 4301.22 (sales of alcohol to intoxicated persons or to habitual drunkards) and R.C. 4301.69 (sales to minors).

In 1986, the legislature enacted R.C. 4399.18, set forth above. In *Gressman v. McClain* (1988), 40 Ohio St.3d 359, 533 N.E.2d 732, the Ohio Supreme Court held that R.C. 4399.18 was a codification of the current law in this area. R.C. 4399.18 specifically provides that an injured person has a cause of action against a permit holder for actions of intoxicated persons which occur off the premises of the permit holder only in the three instances set forth in the statute: (1) sales of intoxicating beverages to a noticeably intoxicated person, (2) sales to a habitual drunkard while on the department's blacklist, or (3) sales of alcohol to a minor. In any other instance, R.C. 4399.18 provides that there is no cause of action against the permit holder unless the injury occurs on the permit holder's premises or in a parking lot under the permit holder's control.

Viewing appellants' claims against appellees Tri–County and Smith in light of these principles, it is clear that any claim which appellants would have against Tri–County and Smith are precluded by R.C. 4399.18. Appellants' injuries clearly occurred off the premises of Tri–County. Therefore, a finding of liability against Tri–County and Smith is limited to the three situations set forth in the statute. As there was no evidence that any of those three situations occurred here, summary judgment in favor of appellees Tri–County and Smith was clearly appropriate.

The first assignment of error is without merit.

█ Appellants' second assignment of error states:

"The court erred in granting summary judgment in favor of the defendant Union and defendants, William Jones, Dale Eastman [*sic*] and the Estate of William O. Briscoe."

In support, appellants argue that, under Ohio law, the union was required to have a permit to sell beer at the fundraiser. Appellants argue that since a permit was required to sell the beer but was not obtained by the union, Jones, Eastham, or Briscoe, they cannot now rely upon the protection afforded by R.C. 4399.18. Appellants claim that the proximate cause of the injuries incurred by Sonja

Stevens was the intoxication of Harry Sprankle, which occurred because appellees, the union, Briscoe, Eastham, and Jones provided him alcohol in a negligent manner and in violation of statute.

In *Settlemyer v. Wilmington Veterans Post No. 49* (1984), 11 Ohio St.3d 123, 11 OBR 421, 464 N.E.2d 521, the Ohio Supreme Court held that a social (noncommercial) provider of intoxicating beverages cannot be held liable to a third person subsequently injured by the intoxicated person. This general holding was not displaced by the subsequent enactment of R.C. 4399.18 or by later decisions of the Supreme Court. However, in *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, the Supreme Court held that a social host could be held liable where he or she provides alcohol in violation of a statute. In *Mitseff*, the furnishing of alcohol to a minor provided the basis for liability. The issue in the instant case thus becomes whether the union, Briscoe, Eastham and Jones were social hosts as that term was used in *Settlemyer* and, if so, whether there was evidence that any statutes were violated by appellees.

There was no evidence presented below that beer was being sold at the fundraiser. In this regard, we note that the affidavit of appellant Sonja Stevens merely established that "money was being collected from those in attendance." This statement is consistent with the deposition testimony of Dale Eastham and William Jones that Offenbecker's co-workers had all contributed money to pay for the beer and pop served at the fundraiser and that only hot dogs were "sold" or exchanged for donations at the fundraiser. Appellant Stevens's affidavit thus does not provide probative evidence that beer was being sold.

Thus, even if there was evidence that the union had sponsored the event, we find, under the facts of this case, that the union was, at best, a social provider of alcoholic beverages. Under *Settlemyer*, no claim would thus lie against it.

Appellants argue that appellees violated R.C. 4303.25, which requires that a person fully comply with R.C. Chapters 4301 and 4303 or be the holder of a permit before furnishing beer or intoxicating liquor. Appellants further argue that R.C. 4303.20 requires that, as a labor union, the union was required to obtain an F Permit before selling beer.

As discussed above, there was no evidence presented by appellants that beer was sold at the fundraiser. Thus, appellees were not required to obtain a permit. Further, there was no evidence presented by appellants which tended to show that appellees had violated any provision of R.C. Chapters 4301 or 4303. Therefore, liability could not attach to appellees' actions under the rationale of *Mitseff*.

■ Further, there was no evidence presented below that any of the individual appellees served beer to Harry Sprankle. To the contrary, Dale Eastham, William Jones, William Bowers and Frank Martin all gave deposition testimony

that they did not serve beer to Harry Sprankle. Appellants did not produce any evidence to the contrary.

In reviewing a trial court's entry of summary judgment, an appellate court applies the same standard used by the trial court. See *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 586 N.E.2d 1121. Civ.R. 56(C) provides that summary judgment shall be rendered when there remains no genuine issue as to any material fact, and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can conclude that the moving party is entitled to judgment as a matter of law.

As no evidence was presented below tending to show that the union and the individual appellees were anything more than social hosts or that any duty to appellant Sonja Stevens was either owed or breached, summary judgment in their favor was appropriate. The second assignment or error is thus without merit.

The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

O'NEILL, P.J., and COX, J., concur.