[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 419.]

**KLEVER, APPELLEE, *v.* CANTON SACHSENHEIM, INC., APPELLANT.**

**[Cite as *Klever v. Canton Sachsenheim, Inc.*, 1999-Ohio-117.]**

*Torts—Wrongful death—No cause of action in Ohio against liquor permit holder by voluntarily intoxicated patron who is "underage" pursuant to R.C. 4301.22(A)(1) and 4301.69, but who has attained the age of majority, for self-inflicted injury due to being intoxicated.*

In Ohio there is no cause of action against a liquor permit holder by a voluntarily intoxicated patron (or his representative) who is "underage" pursuant to R.C. 4301.22(A)(1) and 4301.69, but who has attained the age of majority, for self-inflicted injury (or death) due to being intoxicated. See R.C. 3109.01.

(Nos. 98-1906 and 98-1966—Submitted May 5, 1999—Decided September 15, 1999.)

APPEAL from and CERTIFIED by the Court of Appeals for Stark County, No. 1998CA0010.

———————————

{¶ 1} Jeffrey M. Klever attended a wedding reception at the Sachsenheim Club in Canton, Ohio, where he drank alcoholic beverages though he was only nineteen years old. He was killed in a single-car accident while traveling home from the reception.

{¶ 2} Jeffrey's mother, appellee Patricia Klever, sued the club's owner, appellant Canton Sachsenheim, Inc. ("Sachsenheim"), for Jeffrey's wrongful death, alleging Sachsenheim's employees failed to properly verify Jeffrey's age prior to serving him, knew he was underage yet continued to serve him, and, as a result, negligently sold him alcohol in violation of R.C. 4301.22(A). The court of common

pleas granted Sachsenheim's motion to dismiss, finding that Klever failed to state a cause of action under Ohio law.

**{¶ 3}** The Fifth District Court of Appeals reversed the trial court's judgment, holding that "an intoxicated patron or his representative may maintain a cause of action against a liquor permit holder under R.C. 4301.22(B) even if the patron was voluntarily intoxicated, where the patron is under age and therefor[e] not capable of making a legal decision to become voluntarily intoxicated." It reasoned that to hold an underage adult responsible for voluntarily becoming inebriated would violate the intent of the General Assembly when it decreed that persons under twenty-one are ineligible to decide whether or not to drink. The court of appeals entered an order certifying a conflict after considering the variance between its decision and those of other districts. See, *e.g.*, *Cole v. Broomsticks, Inc.* (1995), 107 Ohio App.3d 573, 669 N.E.2d 253; *Walker v. Capri Enterprises, Inc.* (1997), 125 Ohio App.3d 154, 707 N.E.2d 1201; *Lee v. Peabody's Inc.* (June 9, 1994), Cuyahoga App. No. 65090, unreported, 1994 WL 258640.

**{¶ 4}** Case No. 98-1906 is before this court upon the allowance of a discretionary appeal. Case No. 98-1966 is before this court upon our determination that a conflict exists.

———————————

*Elizabeth A. Burick* and *Patricia C. Melia*, for appellee.

*Buckingham, Doolittle & Burroughs, L.L.P.*, *Scott A. Richardson* and *Jacqueline A. Marks*, for appellant.

———————————

**COOK, J.**

**{¶ 5}** In *Smith v. The 10th Inning, Inc.* (1990), 49 Ohio St.3d 289, 551 N.E.2d 1296, we reviewed the proposition that a liquor-serving establishment could be held responsible to a patron who self-inflicts injury or death due to being intoxicated. We held that an intoxicated patron could not maintain a cause of action

2

against the liquor permit holder for injuries resulting from his intoxication. Today we are asked to decide whether the *Smith* bar to recovery applies where the intoxicated patron has not attained the legal drinking age (twenty-one) but has attained the age of majority (eighteen). We conclude that an underage adult who is served alcohol by a liquor permit holder is legally indistinguishable from the adult in *Smith* and may not maintain a cause of action against the liquor permit holder. Both the statutory text and case precedent support our conclusion that Ohio's Dramshop Act does not provide an intoxicated, underage adult with a cause of action against a liquor permit holder for self-inflicted injuries.

I

{¶ 6} Ohio historically refused to recognize claims against tavern owners for any injuries caused by their intoxicated patrons. The Ohio Dramshop Act, R.C. 4399.18, embodies that general, common-law rule that a person (or his representative) may *not* maintain a cause of action against a liquor permit holder for injury resulting from the acts of an intoxicated person. The statute creates a narrow exception, however, to the basic premise of non-liability by providing that "a person" has a cause of action against a permit holder or its employee for off-premises injury caused by an "intoxicated person" "*only* when" certain criteria are met. (Emphasis added.) R.C. 4399.18.

{¶ 7} The Dramshop Act's limited exception to non-liability codified the "preexisting public policy." *Gressman v. McClain* (1988), 40 Ohio St.3d 359, 362, 533 N.E.2d 732, 735. That policy, developed through decisional law, was that an innocent *third party* could recover from a commercial proprietor for injuries caused by an intoxicated patron under certain circumstances. Because this statutory exception creates a cause of action not previously recognized by common law, the exception must be narrowly construed.

II

**{¶ 8}** The appellee here claims that the Ohio Dramshop Act allows a cause of action by an intoxicated, underage patron (or his representative) against a liquor permit holder for injuries (or death) that the intoxicated, underage patron inflicts upon himself. We conclude that the language of R.C. 4399.18 prevents that result as to any intoxicated adult patron.

**{¶ 9}** The phrasing and structure of R.C. 4399.18 do not countenance a reading that allows the contemplated "intoxicated person" (the person causing the injury) to be one and the same with the contemplated injured "person" (the person with the authorized cause of action). Specifically, the statutory language envisions that the injured person and the intoxicated person be two *different* persons. The first example is the language "*a person,* and the executor or administrator of *the estate of a person*, *who suffers injury, death or loss to person or property as a result of the actions or omissions of an intoxicated person* do not have a cause of action against a liquor permit holder or an employee of a liquor permit holder who sold beer or intoxicating liquor *to the intoxicated person*" unless certain facts are present. (Emphasis added.) R.C. 4399.18. Second, the statute again connotes two separate participants with the language "*[a] person* has a cause of action against a liquor permit holder or an employee of a liquor permit holder for *injury, death, or loss to person or property caused by the negligent actions or omissions of an intoxicated person * * *.*" (Emphasis added.) R.C. 4399.18. It would be odd for the General Assembly to draft such language to denote the actions of, and consequences to, a single individual. Jeffrey Klever cannot be said to have suffered death as a result of the actions of an intoxicated person and, therefore, Patricia Klever cannot be the administrator of a person who suffered death as a result of the actions of an intoxicated person. She is, rather, the administrator of a person who suffered death as a result of *his own actions*. The statute simply cannot be construed

as providing a cause of action to the "intoxicated person" himself, and thus, it cannot provide a derivative cause of action to his legal representative.

{¶ 10} Our holding here comports with this court's judgment in *Smith, supra,* and with judgments of other courts that have considered the issue. See *LaGuire v. Kain* (1992), 440 Mich. 367, 487 N.W.2d 389; *Nutting v. Zieser* (Iowa 1992), 482 N.W.2d 424; *Randall v. Excelsior* (1960), 258 Minn. 81, 103 N.W.2d 131.

### III

{¶ 11} Though we anchor our decision here on statutory construction rather than the personal responsibility/public policy rationale of *Smith*, if we were to apply *Smith*, we would nonetheless hold that the *Smith* rule should apply to an underage adult drinker.

{¶ 12} Rather than characterizing an underage adult drinker as statutorily "ineligible" or "not capable of making a legal decision to become voluntarily intoxicated," as did the court of appeals in this case, we think it more legitimate public policy to regard drinking by a nineteen-year-old as unlawful. R.C. 4301.22(A)(1); R.C. 4301.69. In *Smith,* this court assessed responsibility for avoiding consumption of intoxicating *amounts* of liquor while here we consider the responsibility of an adult under the age of twenty-one to avoid consumption of alcohol altogether. Given the prohibitions of youthful drinking set forth in the Dramshop Act, we cannot agree with the court of appeals that the General Assembly meant to protect the underage adult drinker with the Dramshop Act. If, according to *Smith,* public policy should bar an intoxicated individual from legally blaming the bartender who served him, it would seem that the same rationale would likewise prevent an underage adult drinker, for whom taking the first sip from the first drink is unlawful, from legally blaming the server.

{¶ 13} We reject the proposition that the public policy setting the drinking age at twenty-one trumps the personal-responsibility policy favored in *Smith*. The

5

Dramshop Act itself certainly offers no basis for such a proposition. The General Assembly's preference for twenty-one as the legal drinking age could easily have sprung from an effort to protect the peace and third persons from youthful drinkers rather than from an effort to protect the youthful drinker. "[T]here are statutes which are considered to create no duty of conduct toward the plaintiff, and to afford no basis for the creation of such a duty by the court. * * * [I]n many cases the evident policy of the legislature is to protect only a limited class of individuals." Prosser & Keeton on Torts (5 Ed.1984) 224, Section 36; see, also, *Lajoie v. Maumee River Yacht Club* (Feb. 2, 1990), Lucas App. No. L-89-014, unreported, 1990 WL 7976, quoting Prosser, *supra*, at 222-223 ("[P]rohibiting liquor sales after a certain hour or limiting sales on Sunday are 'intended only to protect such interests * * * as public peace, morality and quiet, rather than the safety of any particular class of individuals.' ").

{¶ 14} Our decision harmonizes with jurisdictions that lack a Dramshop Act. For example, although Hawaii has concluded that innocent third parties may recover from a liquor permit holder via common law, it has refused to further modify the common law by permitting a voluntarily intoxicated underage adult to recover for his self-inflicted injuries. See *Winters v. Silver Fox Bar* (1990), 71 Hawaii 524, 797 P.2d 51. Like the Supreme Court of Hawaii, we believe that to place persons between the ages of eighteen and twenty-one within a protected class for Dramshop liability purposes would be "inconsistent with the expression of legislative intent to treat those within [the] age bracket of eighteen to twenty years as responsible adults in all other respects." *Winters*, 71 Hawaii at 531-532, 797 P.2d at 54-55.

IV

{¶ 15} Accordingly, we hold that in Ohio there is no cause of action against a liquor permit holder by a voluntarily intoxicated patron (or his representative) who is "underage" pursuant to R.C. 4301.22(A)(1) and 4301.69, but who has

attained the age of majority, for self-inflicted injury (or death) due to being intoxicated. See R.C. 3109.01. The court of common pleas correctly dismissed Klever's complaint for failure to state a cause of action.

{¶ 16} Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

DOUGLAS and RESNICK, JJ., concur in judgment only.

_____