Plaintiff-appellant, Nancy Stehr, (hereinafter "appellant"), appeals from the grant by the trial court of the Motions for Partial Summary Judgment of defendants-appellees, TGI Friday's, Inc. and Adam Dougal, (hereinafter "appellees"). The appellant was injured on or about November 17, 1996 when she lost control of her vehicle, crossed the median, and collided with the side of a highway overpass. No other vehicles were involved in the accident. At the time of the accident, the appellant was returning from her job as a broiler chef at the TGI Friday's restaurant located in Great Northern Mall.
The appellant filed suit against TGI Friday's and Dougal, another employee of the restaurant, on January 24, 1997. The lawsuit alleged that the appellant was induced by co-appellee Dougal — the kitchen manager and appellant's immediate supervisor — to stay at the restaurant and have a drink in the bar area after her shift had ended. The appellant believed that the offer by Dougal of one "comp" drink was in recognition of her hard work during the extremely busy shift the appellant and other employees had just completed. After her shift ended, and she proceeded to the bar area for drinks, the appellant assumed the status of patron of the restaurant, rather than employee.
The appellant alleged both in her lawsuit and at her deposition that the primary reason that she stayed after her shift ended and had a few drinks was because she felt pressured by her supervisor and thought that if she declined, she would appear not to be a team player. The Complaint also alleged that the bartender on duty served the appellant drinks which were stronger than normal without the knowledge or consent of the appellant.
On April 3, 1998, the appellees filed a Motion for Partial Summary Judgment as to Counts I and II of the complaint as well as a separate Motion for Partial Summary Judgment as to Count II of the Complaint. These motions were opposed by the appellant on June 1, 1998. On June 11, 1998, the trial court granted both motions in a single order — which was marked "Final." The order stated that "[t]he evidence clearly shows that plaintiff's consumption of alcohol was voluntary and to allow the case to go forward would be in contravention of public policy."
The appellant timely filed the within appeal from the order of the trial court. The appeal presents three assignments of error for our review. The first and third assignments of error have a common basis in law and fact and thus, will be addressed concurrently:
 1. THE TRIAL COURT ERRED IN DETERMINING THAT APPELLANT'S (SIC) WERE NOT NEGLIGENT PER SE PURSUANT TO OHIO REVISED CODE, SECTION 4301.22 WHICH PROHIBITS THE SALE OF INTOXICATING BEVERAGES TO AN INTOXICATED PERSON.
 3. THE TRIAL COURT ERRED IN DETERMINING THAT APPELLANTS (SIC) DID NOT BREACH THEIR DUTY OF REASONABLE CARE TO APPELLANT AS A BUSINESS INVITEE.
Both of these assignments of error deal with the trial court's determination that no genuine issues of fact existed, and, thus, that summary judgment was appropriate.
Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Norris v. Ohio Std. Oil Co.
(1982), 70 Ohio App.2d 1; Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317.
It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317,330; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115. Doubts must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio State Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas
(1991), 59 Ohio St.3d 108. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." Id. at 296. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id.
at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v. McFaul (1990), 71 Ohio App.3d 46, 50;Link v. Leadworks Corp. (1992), 79 Ohio App.3d 735, 741.
R.C. 4301.22(B), which prohibits the sale of intoxicating beverages to an intoxicated person, provides that:
 No permit holder and no employee or agent of a permit holder shall sell or furnish beer or intoxicating liquor to an intoxicated person.
Ohio courts have held repeatedly that an intoxicated person has no cause of action against a liquor permit holder under R.C.4301.22(B) where the injury, death, or property damage sustained by the intoxicated person off the premises of the permit holder was proximately caused by the patron's own intoxication. Kleverv. Canton Sachsenheim, Inc. (1999), 86 Ohio St.3d 419; Smith v.The 10th Inning, Inc. (1990), 49 Ohio St.3d 289; Fifer v. BuffaloCafe (1991), 76 Ohio App.3d 297.
The Court in Klever provided a historical narrative on the liability of tavern owners for damages caused by intoxicated patrons:
 Ohio historically refused to recognize claims against tavern owners for any injuries caused by their intoxicated patrons. The Ohio Dramshop Act, R.C. 4399.18. embodies that general common-law rule that a person (or his representative) may not maintain a cause of action against a liquor permit holder for injury resulting from the acts of an intoxicated person. The statute creates a narrow exception, however, to the basic premise of non-liability by providing that "a person" has a cause of action against a permit holder or its employee for off-premises injury caused by an "intoxicated person" "only when" certain criteria are met. R.C. 4399.18. (Emphasis in original.)
 The Dramshop's Act's limited exception to nonliability codified the "pre-existing public policy." Gressman v. McClain (1988), 40 Ohio St.3d 359, 362, 533 N.E.2d 732, 735. That policy, developed through decisional law, was that an innocent third party could recover from a commercial proprietor for injuries caused by an intoxicated patron under certain circumstances. Because this statutory exception creates a cause of action not previously recognized by common law, the exception must be narrowly construed. (Emphasis in original.)
Even where a third party has a cause of action under the narrow exception contained in R.C. 4399.18, there must still be a showing that the permit holder, or his agent or employee, had "actual, not constructive, knowledge of intoxication before liability will attach." Rockwell v. Ullom (September 3, 1998), Cuyahoga App. No. 73961, unreported, citing Gressman, supra.
In the instant case, it is beyond dispute that the appellant was indeed attempting to bring a cause of action under R.C.4301.22 for injuries she sustained by reason of her own intoxication. The holdings of the Supreme Court in Smith v. The10th Inning, Inc., and more recently in Klever, expressly prohibit the maintenance of such lawsuits.
The appellant has attempted to manufacture a question of fact by emphasizing that she felt social pressure to stay and have a drink because she was offered a free drink by her supervisor. Yet, the appellant admits that she did not fear any negative repercussions if she refused this offer. At worst, the appellant testified she may have appeared mildly anti-social.
The evidence is undisputed that the appellant stayed at the bar area and continued drinking long after other employees on her shift who had accepted the initial offer of one free drink had left to go home.
The appellant testified in her deposition that she normally drank beer, but on this night she decided to try something new, and thus, ordered a rum and Coke when offered a complimentary drink by Dougal. Although the appellant maintains that she never had tried a rum and Coke previously, she still was able to discern that the drink was too strong. In order to counteract the effects of the overly stiff drink, the appellant ordered a plain Coke and gradually added it to her drink. The appellant admits that she realized from the moment her first drink was served to her that it was unusually potent. Yet, she then proceeded to voluntarily consume the entire drink, order another one just like it, and then drink at least one more intoxicating beverage before getting behind the wheel.
If the appellant was intoxicated on the evening in question, she was intoxicated because she voluntarily chose to allow herself to become intoxicated. She was not an innocent third party who is protected by R.C. 4301.22(B). In Smith v. The 10thInning, Inc., 291-292, the Court reasoned:
 [W]e find that one of the strongest reasons compelling rejection of such a cause of action by the intoxicated patron against the permit holder is one grounded firmly in commonsense public policy; namely, that an adult who is permitted to drink alcohol must be the one who is primarily responsible for his or her own behavior and resulting voluntary actions. Clearly, permitting the intoxicated person a cause of action in this context would simply send the wrong message to all our citizens, because such a message would essentially state that a patron who purchased alcoholic, beverages from a permit holder may drink such alcohol with unbridled, unfettered impunity and with full knowledge that the permit holder will be ultimately responsible for any harm caused by the patron's intoxication. In our opinion, such a message should never be countenanced by this court.
The appellant in this case was a patron at TGI Friday's during the time that she voluntarily became intoxicated. She is barred by the operation of law of recovering damages from the permit holder for injuries resulting from her own intoxication. Therefore, these assignments of error are overruled.
The appellant's second assignment of error states:
 2. THE TRIAL COURT ERRED IN DETERMINING THAT APPELLANT'S INJURIES WERE PROXIMATELY CAUSED BY HER OWN INTOXICATION.
This assignment of error is rendered moot by our disposition of the appellant's first and third assignments of error.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PORTER, A.J., and SWEENEY, JAMES D., J., CONCUR.
 ___________________________ MICHAEL J. CORRIGAN JUDGE