JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Irene Doolin ("appellant"), administratrix of the estate of Jacqueline Doolin, deceased, appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court's decision.
 I. {¶ 2} According to the record, Jacqueline Doolin went swimming on June 14, 2004. She and others had been drinking alcohol that day. Tragically, Jacqueline Doolin drowned later that evening; she was 26 years old.
 {¶ 3} On April 5, 2005, appellant filed a complaint against defendant-appellee Tesoro's Bar Grill (Tesoro) and defendant Rick Annotico.[1] Tesoro filed a motion to dismiss, and on September 13, 2005, appellant filed her motion for leave to file a brief in opposition to Tesoro's motion to dismiss. On October 20, 2005, the court initially denied appellant's request for leave and granted Tesoro's motion to dismiss.
 {¶ 4} On October 25, 2005, appellant filed a motion for reconsideration regarding Tesoro's motion to dismiss, asking the court to reconsider its ruling as to her motion for leave so that her brief in opposition to Tesoro's motion to dismiss would be considered. The court granted appellant's motion for reconsideration.
 {¶ 5} On November 7, 2005, the trial court issued its judgment entry granting Tesoro's motion to dismiss. On December 6, 2005, appellant moved that the trial court certify its November 7, 2005 journal entry as a final appealable order. This motion was granted on December 22, 2005, at which time the trial court added the Civ.R. 54(B) language that there is no just reason for delay. On January 18, 2006, appellant filed her notice of appeal.
 II. {¶ 6} Appellant's assignment of error states the following: "The trial court erred to the prejudice of plaintiff-appellant in granting defendant-appellee Tesoro, Inc.'s motion to dismiss."
 III. {¶ 7} The standard of review on a Civ.R. 12(B)(6) motion to dismiss, which raises questions of law, is de novo. Hunt v.Marksman Prod., Div. of S/R Industries, Inc. (1995),101 Ohio App.3d 760. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. GuernseyCty. Bd. of Commrs., 65 Ohio St.3d 545, 1992-Ohio-73.
 {¶ 8} "In construing a complaint upon a motion to dismiss for failure to state a claim, [appellate courts] must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party." Mitchellv. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192; see, also,York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143.
 {¶ 9} The test for review of a motion to dismiss under Civ.R. 12(B)(6) is whether the plaintiff can prove, under the allegations of the complaint, any set of facts entitling him to recover. This is an entirely different test from that applied to a Civ.R. 56 motion for summary judgment, because the material allegations of the complaint are then taken as admitted.Loveland Properties v. Ten Jays, Inc. (1988),57 Ohio App.3d 79.
 {¶ 10} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. O'Brien v.Univ. Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242.
 {¶ 11} Historically, common law in Ohio prohibited a cause of action against a liquor permit holder for injury caused by an intoxicated person. See Mason v. Roberts (1973),33 Ohio St.2d 29, 33. The General Assembly subsequently codified this general, common-law rule in 1986. See 141 Ohio Laws, Part III, 5711. In accordance with pre-existing public policy considerations, the statute provided for limited exceptions under certain circumstances. Klever v. Canton Sachsenheim, Inc. (1999),86 Ohio St.3d 419, 421. The Dram Shop Act intended to continue the longstanding rule of limiting the liability of liquor permit holders, not expanding their liability. Any exception to the general rule was explicit and narrow. Id.
 {¶ 12} The Ohio Dram Shop Act, R.C. 4399.18, codified the longstanding rule limiting the liability of a liquor permit holder for injuries caused by an intoxicated person, except under certain limited circumstances.
 {¶ 13} In the case at bar, the trial court stated the following in its journal entry:
"Tesoro's motion to dismiss is granted. R.C. 4399.18 provides a narrow exception to the general rule that a bar cannot be liable for injuries caused by an intoxicated person. The complaint alleges no sale per R.C. 4399.18, therefore, the statute's narrow exception is not available to plaintiff. See Lesnau v. AndateEnterprises, Inc. (2001), 93 Ohio St.3d 467."
 {¶ 14} The exception to the general rule for purposes of this case are found at R.C. 4399.18. Under R.C. 4399.18, a liquor permit holder can be held liable to third persons for injuries or death occurring off the permit holder's premises, when the injuries or death were caused or contributed by an intoxicated patron who was served alcoholic beverages by the permit holder in violation of R.C. 4301.22(B). See Cummins v. Rubio (1993),87 Ohio App.3d 516, 520; Lesnau v. Andate Enters.,93 Ohio St.3d 467, 2001-Ohio-1591.
 {¶ 15} R.C. 4399.18, "limitations on liability for acts of intoxicated person," provides the following:
"A person has a cause of action against a permit holder or an employee of a permit holder for personal injury, death, or property damage caused by the negligent actions of an intoxicated person occurring off the premises or away from a parking lot under the permit holder's control only when both of the following can be shown by a preponderance of the evidence:
(A) The permit holder or an employee of the permit holderknowingly sold an intoxicating beverage to at least one of the following: (1) A noticeably intoxicated person in violation of division (B) of section 4301.22 of the Revised Code;
* * *
(B) The person's intoxication proximately caused the personal injury, death, or property damage."
(Emphasis added.)
 {¶ 16} As stated above, the trial court's primary rationale for granting appellee's motion to dismiss is that appellant failed to allege a sale of an intoxicating beverage to Rick Annotico. Paragraph seven of appellant's complaint alleges that appellee "was negligent in gratuitously serving, furnishing or otherwise providing alcohol and intoxicating liquors to * * *" Rick Annotico. However, nowhere in appellant's complaint does she allege that appellee sold an intoxicating beverage to Rick Annotico.
 {¶ 17} Appellant alleges in her brief that the phrase "served, furnished or otherwise provided" infers that a sale occurred between Jacqueline Doolin and Rick Annotico. However, R.C. 4301.22 specifically mandates that "[t]he permit holder * * *sold an intoxicating beverage to * * *." (Emphasis added.) The trial court properly concluded that the phrase "served, furnished or otherwise provided alcohol * * *" did not infer that a sale had occurred.
 {¶ 18} In addition to the fact that appellant's complaint is devoid of the necessary language to allege a sale, the complaint is also devoid of the necessary language to allege a breach in the duty of care or negligence on the part of Rick Annotico. Appellant's complaint does not contain any operative facts indicating that Rick Annotico beached a duty of care or committed any negligent acts.
 {¶ 19} Appellant's complaint alleges only that appellee knowingly gave an intoxicating beverage to a noticeably intoxicated person. Voluntary intoxication in and of itself does not state a cause of action for negligence. Assuming the truth of each and every factual allegation of appellant's complaint and making every reasonable inference from the alleged facts indicates that the alleged intoxicated person merely invited his friends and acquaintances to the Old River Yacht Club. Accordingly, appellant failed to allege any operative facts in her complaint that would indicate that Rick Annotico owed a duty to insure the safety of Jacqueline Doolin or that Rick Annotico committed any negligent acts.
 {¶ 20} Based on the evidence, we find the actions of the trial court to be proper. It appears beyond doubt from the complaint that the appellant can prove no set of facts entitling her to recovery. The trial court's order granting appellee's Civ.R. 12(B)(6) motion was correct.
 {¶ 21} Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and McMonagle, J., concur.
[1] Rick Annotico is actually Ronald Annotico; however, for purposes of this opinion he shall be addressed as Rick Annotico.