DECISION.
{¶ 1} Plaintiff-appellant, Samantha Bishop, appeals the summary judgment entered in favor of defendants-appellees, Carpenter's Local Union #126, David Meier, Jeffrey Smith, and John Wisher (collectively, "the union"), and in favor of defendant-appellee Stricker's Grove, LLC, in a wrongful-death action.
 A Picnic and a Fatal Accident {¶ 2} In August 2004, the union held its annual picnic at Stricker's Grove, a park that included picnic grounds, rides, and other facilities. Under the contract for the picnic, the union purchased 30 half-barrels of beer from Stricker's, which held a permit from the state of Ohio to sell alcohol. The contract required the union to offer the beer free of charge to eligible persons attending the picnic. Stricker's Grove was required to provide security for the event in the form of four Hamilton County deputy sheriffs.
 {¶ 3} The union offered admission to the picnic in a number of ways. Union members and their immediate families could gain entrance to the park by presenting a card provided by the union. Union members also distributed a number of tickets before the date of the event. The union charged a fee for some of those tickets, and it distributed a number of complimentary tickets. Finally, members of the general public could attend the picnic by paying an admission charge at the gate. Entrance to the picnic entitled attendees to free beer and food and free use of the park's rides and other recreational facilities.
 {¶ 4} Union treasurer John Wisher was working the gate at the picnic when Jennifer Weir arrived. Weir was the niece of Jeffrey Smith, the union member who had been in charge of organizing the picnic. Weir testified in her deposition that she had paid a full admission fee to attend the event but that Wisher had later returned at least a portion of the money upon learning that Weir was Smith's relative. *Page 4 
 {¶ 5} After Weir left the picnic, she was involved in a collision with James Bishop, Jr., and Virginia Bishop, who were riding a motorcycle. The Bishops were both killed in the accident. Weir was ultimately convicted of aggravated vehicular homicide because she had been under the influence of alcohol when she had caused the Bishops' deaths.[1]
 {¶ 6} Samantha Bishop filed suit as administratrix of the decedents' estates, alleging that the union and Stricker's Grove had proximately caused the deaths of James Bishop, Jr., and Virginia Bishop by serving alcohol to Weir when she was intoxicated and by permitting her to leave the park grounds while legally impaired.
 {¶ 7} The union and Stricker's Grove filed motions for summary judgment, which the trial court granted. In her first assignment of error, Samantha Bishop (hereinafter, "Bishop") now argues that the trial court erred in granting the union's motion for summary judgment.
 {¶ 8} Under Civ. R. 56(C), a motion for summary judgment may be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[2] This court reviews the granting of summary judgment de novo.[3]
 The Union Did Not Sell Beer {¶ 9} Bishop apparently concedes that, with respect to the persons who had attended the picnic free of charge, the union was a social host and could have been held *Page 5 
liable for providing alcoholic beverages only if it had gratuitously provided beer in violation of a statute.[4] She does not allege that the union violated any statute in its capacity as a social host.
 {¶ 10} But she argues that, in charging an admission fee for the picnic and in providing a virtually unlimited amount of beer to eligible attendees, the union in effect sold the beer to the patrons who had paid an admission fee. And she contends that, in selling beer, the union violated R.C. 4301.58 by selling alcohol without a permit, and that it violated various administrative regulations forbidding "drink and drown" events and otherwise regulating the sale of alcoholic beverages.
 {¶ 11} We must therefore answer the threshold question whether the union "sold" beer at the picnic within the meaning of R.C. 4301.58 and the related regulations. We answer that question in the negative.
 {¶ 12} Those who did pay an admission fee for the picnic were not purchasing alcohol; they were paying to attend the picnic, which included food and the use of the park's many recreational facilities. The union purchased the beer from Stricker's Grove and was required by contract to offer the beer free of charge. There was no showing that the union had a profit motive in offering the beer or that it had used the offer of free beer to induce the general public, or any other patrons, to attend the event.
 {¶ 13} The Seventh Appellate District addressed a similar situation inStevens v. United Auto Workers, Local 1112.[5] In Stevens, a union held a fundraiser for an injured employee at a union hall.[6] The injured man's fellow workers had contributed money to buy beer, which was provided free of charge at the fundraiser.[7] The persons attending *Page 6 
the fundraiser were merely asked to give voluntary contributions to help the injured man.[8] After one of the attendees had caused an automobile accident as a result of being intoxicated, the plaintiff sued the union on the basis that it had allegedly sold beer without a permit.[9]
 {¶ 14} In rejecting the plaintiffs claim against the union, theStevens court held that the union had not sold beer.[10] The court held that evidence of donations having been collected at the event did not establish that the money had been given in exchange for beer.[11]
 {¶ 15} We find the reasoning in Stevens to be persuasive. Although some of the attendees in this case were required to pay an admission fee, the fact remained that the patrons paid to attend theevent. Bishop failed to prove a direct connection between the payment of the admission charge and the availability of alcohol. Stricker's Grove was the entity that had sold the alcohol under the authority of its permit, and the union could not have been held liable as a seller of the beer. Accordingly, the trial court correctly entered summary judgment in the union's favor, and we overrule the first assignment of error.
 Stricker's Grove, The Dramshop Act, and the Restatement {¶ 16} In her second and final assignment of error, Bishop contends that the trial court erred in granting summary judgment in favor of Stricker's Grove. She argues that Stricker's Grove was liable for the deaths because it had undertaken the duty to provide security but had failed to properly discharge that duty.
 {¶ 17} As we have already stated, it was Stricker's Grove, and not the union, that sold the beer at the picnic. And as an alcohol-permit holder, Stricker's Grove was entitled to the protection of Ohio's Dramshop Act, R.C. 4399.18. *Page 7 
 {¶ 18} The Act begins with the general provision that a permit holder is not liable for injuries occurring off its premises. RC. 4399.18
provides that "[n]o person, and no executor or administrator of the person, who suffers personal injury, death, or property damage as a result of the actions of an intoxicated person has a cause of action against any liquor permit holder or an employee of a liquor permit holder who sold beer or intoxicating liquor to the intoxicated person unless the personal injury, death, or property damage occurred on the permit holder's premises or in a parking lot under the control of the permit holder and was proximately caused by the negligence of the permit holder or an employee of the permit holder."
 {¶ 19} Under R.C. 4399.18(A), a person has a cause of action for an injury occurring off the permit holder's premises only when the "permit holder or an employee of a permit holder knowingly sold an intoxicating beverage to at least one of the following: (1) A noticeably intoxicated person * * *; (2) A person in violation of Section 4301.69 of the Revised Code," which prohibits the sale of alcohol to a minor.
 {¶ 20} In the case at bar, Bishop did not demonstrate that Weir was noticeably intoxicated when she was given the beer, and it was undisputed that Weir was of legal age to drink. Accordingly, Stricker's Grove could not have been held liable under R.C. 4399.18.
 {¶ 21} Nonetheless, Bishop argues that Stricker's Grove was liable for the deaths becuase it had negligently discharged its duty to provide security. In support of her argument, she cites Restatement of the Law 2d, Torts (1965), Section 324(A). We find no merit in this argument.
 {¶ 22} First, an action under R.C. 4399.18 is the sole remedy against a permit holder for the actions of an intoxicated person.[12] Having failed to clear the hurdle *Page 8 
imposed by R.C. 4399.18, Bishop could not avoid the application of the statute by asserting a common-law negligence claim.[13]
 {¶ 23} Moreover, even if Bishop could have properly asserted a common-law cause of action, she failed to demonstrate liability in this case. Restatement of the Law 2d, Torts (1965), Section 324A, provides that a person who undertakes to provide a service for another that he should recognize as necessary for the protection of a third person is liable to the third person for the failure to exercise due care if (1) the failure increases the risk of harm; (2) he has undertaken to perform a duty owed by the other to the third person; or (3) the harm is suffered because of reliance of the other or the third person upon the undertaking.[14]
 {¶ 24} Here, Stricker's Grove did not undertake to provide a service that it should have recognized as necessary for the protection of third persons. Under the terms of the contract with the union, Stricker's Grove assumed the responsibility only to provide security on the park's premises, not to protect motorists from the actions of an intoxicated patron off its premises. Accordingly, Restatement of the Law 2d, Torts (1965), Section 324A, did not apply, and the second assignment of error is overuled.
 Conclusion {¶ 25} We affirm the judgment of the trial court.
Judgment affirmed.
PAINTER and DINKELACKER, JJ., concur.
[1] See State v. Weir, 1st Dist. No. C-050236, 2006-Ohio-4127, jurisdictional motion overruled, 112 Ohio St.3d 1409, 2006-Ohio-6447,858 N.E.2d 819.
[2] See State ex rel. Howard v. Ferreri, 70 Ohio St.3d 587, 589,1994-Ohio-130, 639 N.E.2d 1189.
[3] Jorg v. Cincinnati Black United Front, 153 Ohio App.3d 258,2003-Ohio-3668, 792 N.E.2d 781, at ¶ 6.
[4] See Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 114,526 N.E.2d 798 (social host could be held liable for providing beer to a minor).
[5] (1996), 110 Ohio App.3d 153, 673 N.E.2d 930.
[6] Id. at 155, 673 N.E.2d 930.
[7] Id. at 158, 673 N.E.2d 930.
[8] Id.
[9] Id. at 157-158, 673 N.E.2d 930.
[10] Id. at 158, 673 N.E.2d 930.
[11] Id.
[12] See, e.g., Klever v. Canton Sachsenheim, Inc., 86 Ohio St.3d 419,421, 1999-Ohio-117, 715 N.E.2d 536; Cummins v. Rubio (1993),87 Ohio App.3d 516, 521, 622 N.E.2d 700.
[13] Id.
[14] See, also, Wissel v. Ohio State High School Athletic Assn.
(1992), 78 Ohio App.3d 529, 605 N.E.2d 458. *Page 1